UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HARDESTY and YVETTE HARDESTY,<br><br>           Plaintiffs,<br><br>   v.<br><br>SACRAMENTO METROPOLITAN AIR QUALITY MANAGEMENT DISTRICT, et al.,<br><br>           Defendants. | No.  2:10-cv-2414-KJM-KJN |
| JAY SCHNEIDER, et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>           Defendants. | No. 2:12-cv-2457-KJM-KJN<br><br>**AMENDED ORDER** |

1

County defendants have filed a motion for reconsideration of the court's order on certain motions in limine filed on February 10, 2017. *See* ECF Nos. 340, 342. Having reviewed the motion, the court on its own motion issues this order to correct and supersede its prior order.

Plaintiffs have filed several motions in limine. Hardesty Mot., ECF No. 287; Pls. Jnt. Motion, ECF No. 291; Schneider Mot. No. 1, ECF No. 292, Schneider Mot. No. 2, ECF No. 293. The court decided four of these motions in its Final Pretrial Conference Order. ECF No. 313 (granting two of the Hardestys' motions in limine, denying the joint motion without prejudice, and denying one of the Schneiders' motions without prejudice). The court did not address four of the motions in its prior order. *Id.* at 32. On February 6, 2017, county-related defendants filed their response to the remaining motions. Opp'n, ECF No. 334. Because defendants indicate their non-opposition to three of the four remaining motions, the court resolves those motions here.

I.     LEGAL STANDARDS

The court issues rulings on the following motions in limine based on the record before the court. Each ruling is made without prejudice and is subject to proper renewal, in whole or in part, during trial. If a party wishes to contest a pre-trial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* Fed. R. Evid. 103(a); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.") (alteration, citation, and quotation omitted). In addition, unless otherwise stated below, challenges to expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) are denied without prejudice. Should a party wish to renew a *Daubert* challenge at trial, it should alert the court, at which point the court may grant limited voir dire the day before such expert may be called to testify. The court now turns to the motions in limine pending before the court.

II.   PLAINTIFF'S MOTIONS IN LIMINE

Plaintiffs' four remaining motions in limine seek to exclude the following evidence:

1. Evidence of or reference to the Hardestys' mining activity at the Big Cut Mine in El Dorado County, including alleged violations, water discharge dispute, actions taken against Joseph Hardesty, related press or news articles, or orders shutting down the mine.  Hardesty Mot.

2. Evidence of or reference to the prior lawsuit between the Schneiders and Hardesty.  *Id.*

3. Evidence of or reference to comments or rulings by the Sacramento County Superior Court at a preliminary injunction hearing related to the existence or scope of a vested property interest or vested right to mine.  *Id.*

4. Evidence or references contradicting the County's administrative determination of the Schneiders' vested rights.  Schneider Mot. No. 2.

The county-related defendants do not oppose (1) and (2) above.  Opp'n at 2. Accordingly, the court GRANTS Hardesty's motions as to that evidence.

The county-related defendants do not oppose (3) above.  *See id.* at 10–11. Hardesty's motion seeks to exclude evidence from the jury.  *See* Hardesty Mot. at 5.  The county-related defendants do not object to such evidence being excluded from the jury.  Opp'n at 11. Accordingly, the court GRANTS Hardesty's motion as to that evidence.

The court does not address (4) above.  Any remaining motions will be decided by the court on the first day of trial.

This order resolves ECF No. 287 and supersedes ECF No. 340.

IT IS SO ORDERED.

DATED: February 15, 2017.

UNITED STATES DISTRICT JUDGE