UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH HARDESTY, et al. and JAY
SCHNEIDER, et al.

            Plaintiffs,

      v.

COUNTY OF SACRAMENTO, et al.,

            Defendants.

Case No.  2:10-cv-2414-KJM-KJN

(Partially Consolidated with

Case No. 2:12-cv-2457-KJM-KJN)

FINAL JURY INSTRUCTIONS

DATED:  March 16, 2017

_____
UNITED STATES DISTRICT JUDGE

1

**FINAL INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. You, and you alone, are the judges of the facts. You must decide what the facts are and then apply those facts to the law which I will give to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**FINAL INSTRUCTION NO. 2**

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence. You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be. You must impartially consider all the evidence in the case, following the law as stated in these instructions.

**FINAL INSTRUCTION NO. 3**

All parties stand equal before the law, and are to be dealt with as equals in a court of justice.

1

**FINAL INSTRUCTION NO. 4**

2          You should not necessarily decide any issue of fact in favor of the side that brought more

3    witnesses or evidence at trial.

4          The test is which evidence convinces you because it is most believable.

5          In deciding contested issues, you should keep in mind who has the burden of proof on that

6    issue.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**FINAL INSTRUCTION NO. 5**

2  The evidence in this case consists of the sworn testimony of the witnesses and all exhibits

3 received into evidence.  In reaching your verdict, you may consider only the testimony and

4 exhibits received into evidence.

5  Certain things are not evidence, and you may not consider them in deciding what the facts

6 are.  I will list them for you:

7  (1)  Arguments and statements by counsel are not evidence.  The parties' attorneys are not

8 witnesses.  What the attorneys have said in their opening statements, or in their closing arguments

9 and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the

10 facts as you remember them differ from the way they have stated them, your memory of them

11 controls.

12  (2)  Questions and objections by counsel are not evidence.  You should not be influenced

13 by an objection or by the court's ruling on it.

14  (3)  Testimony that has been excluded or stricken, or that you have been instructed to

15 disregard, is not evidence and must not be considered.

16  (4)  Anything you may have seen or heard when the court was not in session is not

17 evidence.  You are to decide the case solely on the evidence received at the trial.

18

19

20

21

22

23

24

25

26

27

28

6

# FINAL INSTRUCTION NO. 6

There are two kinds of evidence, direct and circumstantial.  A witness testifying to having actual knowledge of a fact and documents received in evidence constitute direct evidence. Circumstantial evidence is a chain of evidence from which you could find that another fact exists, even though no one directly testified as to that fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned garden hose, may provide a different explanation for the presence of water on the sidewalk.

Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

How much you believe evidence should not depend on whether it is direct or circumstantial, but on whether the evidence is trustworthy and reliable.  For that reason, you may find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

**FINAL INSTRUCTION NO. 7**

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1.  Was the witness able to see, hear or know the things about which the witness testified?

2.  How good is the witness's memory and is the witness able to testify clearly?

3.  Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4.  Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5.  How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6.  Was the witness's testimony contradicted by what that witness said or did at another time, whether those statements are presented through live testimony or contained in documents introduced into evidence or by the testimony of other believable witnesses or evidence?

7.  Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**FINAL INSTRUCTION NO. 8**

Some evidence may be admitted for a limited purpose only.  During this trial, when I instructed you that an item of evidence was being admitted for a limited purpose, that item of evidence must be considered for that limited purpose and for no other.

**FINAL INSTRUCTION NO. 9**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

**FINAL INSTRUCTION NO. 10**

2   Several lay witnesses testified about their opinions during the trial.  You may, but are not

3   required to accept those opinions.  You may give any opinion whatever weight you think is

4   appropriate.

5   Consider the extent of the witness's opportunity to perceive the matters on which the

6   opinion is based, the reasons the witness gave for the opinion, and the facts or information on

7   which the witness relied in forming that opinion.  You must decide whether information on which

8   the witness relied was true and accurate.  You may disregard all or any part of an opinion that you

9   find unbelievable, unreasonable, or unsupported by the evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FINAL INSTRUCTION NO. 11**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant a party's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**FINAL INSTRUCTION NO. 12**

In general, the party having the burden of proof on an issue must prove it by a "preponderance of the evidence."  Plaintiffs have the burden of proof on their claims.  Defendants have the burden of proof on their affirmative defense.

Proof by a preponderance of the evidence means the evidence is more convincing and more probably true than not.  If the evidence as to any issue is evenly balanced, your finding upon that issue must be against the party who had the burden of proving it.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence having to do with that issue regardless of who produced it.

I will instruct you about the burden of proof in connection with the specific claims and affirmative defenses.

**FINAL INSTRUCTION NO. 13**

In this case, plaintiffs are Joseph and Yvette Hardesty (the "Hardesty Plaintiffs") and members of the Schneider family, including Jay Schneider, Susan Schneider, Jake Schneider, Leland A. Schneider, Katherine Schneider, Leland H. Schneider, and Jared Schneider (the "Schneider Plaintiffs").  Defendants are the County of Sacramento and officials or employees of Sacramento County, Roger Dickinson, Jeff Gamel, and Robert Sherry.

As I told you at the beginning of trial, the Hardestys and Schneiders live in Sacramento County where Mr. and Mrs. Hardesty operated a gravel mining business on a ranch owned by the Schneiders.  The Hardestys and Schneiders contend that the defendants used their governmental authority to put the mine operated by the Hardestys on the Schneiders' ranch out of business for improper reasons at the urging of a competitor.  The Hardestys' claimed right to mine on the Schneiders' land is based on an agreement with the Schneiders.  The Schneiders' claimed right to mine or allow mining on their land is based on their ownership of the land and the history of mining on the land, which they say gave rise to the vested right to mine.  Defendants contend their actions were proper, legal, and justified, and that the County properly required that the Schneiders apply for a conditional use permit and rezone.

Based on their position, plaintiffs have brought several different legal claims against defendants.

Each of plaintiffs' claims is entitled to your separate consideration.  That is, you must decide independently as to each claim whether plaintiffs are entitled to recover and, if so, the amount.  I will review plaintiffs' claims and defendants' defenses in detail shortly.

That plaintiffs may be entitled to your verdict on one claim does not mean that they are necessarily entitled to recover on another claim.

On the other hand, that plaintiffs do not gain a verdict on one claim does not prevent your awarding a verdict on another claim.

You should decide the case as to each party separately, although all Hardesty Plaintiffs may be treated as one party and all Schneider Plaintiffs may be treated as one party.  Unless otherwise stated, the instructions apply to all parties.

14

**FINAL INSTRUCTION NO. 14**

In this civil suit, the Hardesty Plaintiffs bring two claims and the Schneider Plaintiffs bring three claims.

The Hardesty Plaintiffs' claims are for:

1. Violation of the constitutional right to procedural due process by defendants Sacramento County and Robert Sherry.

2. Violation of the constitutional right to substantive due process by defendants Sacramento County and Robert Sherry.

The Schneider Plaintiffs' claims are for:

1. Violation of the constitutional right to procedural due process by defendants Sacramento County, Roger Dickinson, Jeff Gamel, and Robert Sherry.

2. Violation of the constitutional right to substantive due process by defendants Sacramento County, Roger Dickinson, Jeff Gamel, and Robert Sherry.

3. Violation of the constitutional right to petition the government, including the courts, for redress by defendant Sacramento County.

These claims are described in the following instructions.  Each claim involves a distinct set of elements.  Although the claims may have some elements in common, you should consider each claim individually. A set of plaintiffs can succeed on any one claim only if they prove all of the elements of that claim.

The following instructions set forth the elements that plaintiffs must meet under each claim.

**FINAL INSTRUCTION NO. 15**

<u>SECTION 1983</u>

The plaintiffs bring each of their claims under the federal statute, 42 U.S.C. §1983, that provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

16

**FINAL INSTRUCTION NO. 16**

<u>SECTION 1983 CLAIMS AGAINST LOCAL GOVERNING BODY DEFENDANT—</u>

<u>ELEMENTS AND BURDEN OF PROOF</u>

In order to prevail on each of their §1983 claims against defendant Sacramento County based on Sacramento County's official policy, the plaintiffs must prove each of the following elements for each claim by a preponderance of the evidence:

1. Sacramento County acted under color of law;

2. The acts or failure to act of Sacramento County deprived the plaintiffs of particular rights under the United States Constitution as explained in later instructions; and

3. Defendant Sacramento County's official policy caused the deprivation of the plaintiffs' rights; that is, Sacramento County's official policy is so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

<u>County as Person</u>

A local governmental body such as Sacramento County is a "person" for purposes of §1983. A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law ordinance or regulation. The parties agree that Sacramento County acted under color of law for the purposes of each of plaintiffs' claims. Therefore you should accept this element as proven for each claim.

<u>Official Policy</u>

If you find that the plaintiffs were deprived of a particular constitutional right, as explained in later instructions, Sacramento County is liable for that deprivation if the deprivation resulted from Sacramento County's official policy—in other words, that Sacramento County's official policy caused the deprivation.

It is not enough for the plaintiffs to show that Sacramento County employed a person who violated the plaintiffs' rights. The plaintiffs must show that the violation resulted from Sacramento County's official policy.

There are two ways that the plaintiffs may show an act of "official policy" for which Sacramento County may be liable:

17

One way is to show that actions taken by the County's legislative body caused the deprivation.  In other words, the plaintiffs may show that the deprivation resulted from:

- a rule or regulation promulgated, adopted, or ratified by Sacramento County's Board of Supervisors; or

- a policy statement or decision that is officially made or ratified by Sacramento County's Board of Supervisors.

Alternately, the other way for the plaintiffs to show an act of "official policy" is to show an act by an individual government official who had authority to make decisions in a particular area or on a particular issue.  Under the law, an individual decision maker with such authority is considered a "final policymaker" in the particular area or on the particular issue.  A "final policymaker" does not have to be a department or agency head, or an ultimate supervisor (with a small "s").  In other words, the plaintiffs may show that the deprivation resulted from:

- a policy statement or decision that is officially made by a person who is a final policymaker for Sacramento County concerning the act at issue.

In order to prevail on their §1983 claims against defendant Sacramento County alleging liability based on the second method of proving an act of a final policymaker, the plaintiffs must prove each of the following elements for each claim by a preponderance of the evidence:

a.  Roger Dickinson, Jeff Gamel, Robert Sherry or another official of Sacramento County acted under color of state law;

b.  the acts or failure to act of Roger Dickinson, Jeff Gamel, Robert Sherry or another official of Sacramento County deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions;

c.  Roger Dickinson, Jeff Gamel, Robert Sherry or another official of Sacramento County had final policymaking authority from defendant Sacramento County concerning these acts or failures to act;

d.  when Roger Dickinson, Jeff Gamel, Robert Sherry or another official of Sacramento County engaged in these acts or failed to act, he or she was acting as a final policymaker for defendant Sacramento County; and

e.  the acts or failure to act of Roger Dickinson, Jeff Gamel, Robert Sherry or another official of Sacramento County caused the deprivation of the plaintiffs' rights; that is, the person's act or failure to act is so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

As you have heard, a person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law ordinance or regulation.  Here again, the parties agree that each of the individual officials of Sacramento County named as defendants acted under color of law.  Therefore, if you are considering this second method of showing an act of "official policy," you should accept the first element a. above, as established.

\*                     \*                     \*

If you find that the plaintiffs have proved each of the elements required to hold Sacramento County liable for an act of official policy by its Board of Supervisors or an official with final policymaking authority, and if you find that the plaintiffs have proved all the elements they are required to prove under any of the instructions regarding their specific claimed rights, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs have failed to prove any one or more of the required elements as to a defendant as to any claim, your verdict as to that claim should be for that defendant.

19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FINAL INSTRUCTION NO. 17**

<u>SECTION 1983 ELEMENTS FOR LIABILITY OF DEFENDANT INDIVIDUALS</u>

In order to prevail on each of their §1983 claims against one or more of the defendant individuals—Roger Dickinson, Jeff Gamel, Robert Sherry—the plaintiffs must prove each of the following elements for each defendant for each claim by a preponderance of the evidence:

1.  the defendant acted under color of state law; and

2.  the acts of the defendant deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

As you have heard, a person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.  The parties agree that each of the defendant individuals acted under color of law and so you should accept the first element as proven.

If you find the plaintiffs have proved each of these elements for any one of the defendant individuals, and if you find that the plaintiffs have proved all the elements that they are required to prove under any of the instructions regarding their specific claimed rights your verdict as to that defendant should be for the plaintiffs.

If, on the other hand, the plaintiffs have failed to prove any one or more of these elements for a defendant, your verdict should be for that defendant.

**FINAL INSTRUCTION NO. 18**

**PLAINTIFFS' PROCEDURAL DUE PROCESS CLAIMS**

As previously explained, the plaintiffs have the burden to prove that the acts of any defendant deprived one or more of the plaintiffs of particular rights under the United States Constitution.  In this case, each set of plaintiffs claims defendants deprived them of their Procedural Due Process rights under the Fourteenth Amendment to the Constitution.  This instruction and Instruction Nos. 15 through 17 and 20 apply to the Procedural Due Process Claim.

The Hardesty Plaintiffs bring their procedural due process claim against Sacramento County and Robert Sherry.  The Schneider Plaintiffs bring their procedural due process claim against Sacramento County, Roger Dickinson, Robert Sherry, and Jeff Gamel.  Each set of plaintiffs claims the defendants they have sued deprived plaintiffs of their Procedural Due Process rights under the Fourteenth Amendment to the Constitution by requiring a conditional use permit and a rezone in order for mining of sand and gravel to continue on the Schneiders' land, without providing notice or a hearing as required by law.  The Hardesty Plaintiffs claim they had a right to notice and a hearing based on their status as a mining business operator subject to state law.  The Schneider Plaintiffs claim they had a right to notice and a hearing based on their status as owners of their land.

The Fourteenth Amendment prohibits the government from depriving a person of property rights without first undertaking an adequate process.  In order to prove that a defendant deprived a plaintiff of this Fourteenth Amendment Procedural Due Process right, in addition to finding the elements as required by prior Instruction Nos. 15 through 17, a plaintiff must prove the following elements by a preponderance of the evidence:

1.  The plaintiff had a property interest protected by the Constitution;

2.  The defendant deprived the plaintiff of that interest; and

3.  The process, if any, the defendant undertook in the course of depriving plaintiff of the interest was lacking.

21

Regarding the first element, the Constitution protects a plaintiff's right to devote his or her property to any legitimate use. Therefore, if you find that a set of plaintiffs has proved it had such an interest, the first element is satisfied as to that set of plaintiffs.

Regarding the third element, the fundamental requirement of procedural due process includes the right to notice of any proceeding that will affect a final determination of a plaintiff's property rights and the opportunity to be heard and present objections in any such proceeding. The notice must be reasonably calculated, under all the circumstances, to alert interested parties that the action is pending and afford them an opportunity to present their objections. Actual notice to a person affected can satisfy the notice requirement as to that person.

To award damages based on a deprivation of a plaintiff's Procedural Due Process rights, you must also find that the defendant's conduct was a proximate cause of the damages sustained by the plaintiff. "Proximate cause" will be explained for you in Instruction No. 22.

# FINAL INSTRUCTION NO. 19

## PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIMS

As previously explained, the plaintiffs have the burden to prove that the acts of any defendant deprived the plaintiffs of particular rights under the United States Constitution.  In this case, each set of plaintiffs claims defendants deprived them of their Substantive Due Process rights under the Fourteenth Amendment to the Constitution.  This instruction and Instruction Nos. 15 through 17 and 20 apply to the Substantive Due Process Claim.

The Hardesty Plaintiffs bring their substantive due process claim against Sacramento County and Robert Sherry.  The Schneider Plaintiffs bring their substantive due process claim against Sacramento County, Robert Sherry, Jeff Gamel and Roger Dickinson.  The Hardesty Plaintiffs claim the defendants they have sued deprived them of their Substantive Due Process rights under the Fourteenth Amendment by depriving the Hardesty Plaintiffs of their right to pursue their chosen occupation or profession through operation of their mining business.  The Schneider Plaintiffs claim the defendants they have sued deprived them of their Substantive Due Process rights under the Fourteenth Amendment to the Constitution by requiring the Schneider Plaintiffs to obtain a conditional use permit and a rezone of the Schneiders' property in order to allow continued mining on land the Schneiders own.

The Due Process Clause of the Fourteenth Amendment prohibits the government or government officials from arbitrarily depriving a person of constitutionally protected property or liberty interests.  In order to prove that a defendant deprived a set of plaintiffs of a constitutionally protected interest, in addition to finding the elements as required by prior Instruction Nos. 15 through 17, that set of plaintiffs must prove the following elements by a preponderance of the evidence:

1. The plaintiffs had a liberty or property interest protected by the Constitution;

2. The defendants deprived the plaintiffs of that interest; and

3. The defendants' conduct that caused the deprivation was arbitrary.

Regarding the first element, the Constitution protects a plaintiff's legitimate interests in his or her property and in the right to pursue his or her legitimate, chosen occupation or

profession.  Therefore, if you find that a set of plaintiffs have proved it had such interests, the first element is satisfied as to that set of plaintiffs.

Regarding the third element, official conduct is arbitrary and violates the Due Process Clause only if it is an abuse of power that is egregious and that shocks the conscience and lacks any reasonable justification in the service of a legitimate governmental purpose.  Conduct shocks the conscience when it is intended to injure in some way that is unjustifiable by any government interest.  Conduct lacks any reasonable justification in the service of a legitimate governmental purpose and is arbitrary and unreasonable when it has no substantial relation to the public health, safety, morals, or general welfare.

To award damages based on a deprivation of plaintiff's Substantive Due Process rights, you must also find that the defendants' conduct was a proximate cause of the damages sustained by the plaintiffs.  "Proximate cause" will be explained for you in Instruction No. 22.

**FINAL INSTRUCTION NO. 20**

You have heard testimony regarding determinations made by the County Board of Supervisors and the County Board of Zoning Appeals.  In determining whether any defendant violated the Procedural or Substantive Due Process rights of any set of plaintiffs, the correctness or incorrectness of the determinations of the County Board of Supervisors or the determinations of the County Board of Zoning Appeals is not something that you are to decide.

# FINAL INSTRUCTION NO. 21

## SCHNEIDER PLAINTIFFS' FIRST AMENDMENT CLAIM

As previously explained, the Schneider Plaintiffs have the burden to prove that the act or acts of a defendant deprived them of particular rights under the United States Constitution.  This instruction and Instruction Nos. 15 and 16 apply to the First Amendment Claim.

In this case, the Schneider Plaintiffs allege in their third claim that Sacramento County deprived them of their rights under the First Amendment to the Constitution based on the Schneider Plaintiffs' filing this lawsuit on September 27, 2012, when Sacramento County after that date created financial burdens to the Schneider Plaintiffs' right to petition for redress, including their right of access to the courts, through conduct that on November 27, 2012 increased the amount of the required FACE to $8.8 million.

Under the First Amendment, the Schneider Plaintiffs had the right to petition the County in a meaningful way and to access the courts free of retaliation from the County.  In order to prove the County deprived them of this First Amendment right, in addition to finding the elements required by prior Instruction Nos. 15 and 16, the Schneider Plaintiffs must prove the following additional elements by a preponderance of the evidence:

   1. the Schneider Plaintiffs' rights to petition for redress to the County and the courts is protected under the First Amendment;

   2. the County took action against the Schneider Plaintiffs; and

   3. chilling or punishing the Schneider Plaintiffs' protected conduct was a substantial or motivating factor for the County's action.

The County need not have actually blocked the Schneider Plaintiffs' petitioning for redress if the County's acts would chill or silence persons of ordinary firmness from exercising their First Amendment activities.

The parties agree that the Schneider Plaintiffs' right to petition the government including the courts for redress was protected under the First Amendment and, therefore, the first element is proven.

A "substantial or motivating factor" is a significant factor.

To award damages based on a deprivation of the Schneider Plaintiffs' First Amendment rights, you must also find that the County's conduct was a proximate cause of the constitutional violation.  If it was, then compensatory damages are mandatory.  Compensatory damages must bear a rational relationship to the loss suffered by the Schneider Plaintiffs.  "Proximate cause" will be explained for you in Instruction No. 22.

**FINAL INSTRUCTION NO. 22**

**DAMAGES AND CAUSATION**

It is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

<u>Damages Generally</u>

If you find for the plaintiffs, you must determine the plaintiffs' damages.  The plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury or loss you find was caused by the defendants.

The plaintiffs must show that the injury or loss would not have occurred without a defendant's act or omission.  The inquiry must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused the constitutional violation.   The plaintiffs must also show that a defendant's act or omission played a substantial part in bringing about the injury or loss, and that the injury or loss was either a direct result or a reasonably probable consequence of a defendant's act or omission.  There can be more than one cause of an injury or loss.  Many factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage, and in such a case each may be a proximate cause.  To find that a defendant's act or omission caused the plaintiffs' injury or loss, you need not find that the defendant's act or omission was the nearest cause, either in time or space.  However, if the plaintiffs' injury or loss was caused by a later, independent event that intervened between the defendant's act or omission and the plaintiffs' injury or loss, that defendant is only liable if the injury or loss was reasonably foreseeable by that defendant.

<u>Procedural Due Process</u>

Regarding damages for any procedural due process violation you find, a plaintiff who has established a procedural due process violation can recover compensatory damages only if the deprivation of his or her property interest was without justification.  However, only nominal

28

damages are recoverable for a deprivation of a property interest determined to be otherwise justified.  In the latter instance, the failure to accord due process cannot properly be viewed as the cause of the deprivation.  Nominal damages are explained in later Instruction No. 24.

*          *          *

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

# FINAL INSTRUCTION NO. 23

## **MITIGATION OF DAMAGES**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate; that is, to avoid or minimize those damages.

If you find any of the defendants to be liable, and that the plaintiffs have suffered damages, the plaintiffs may not recover any items of damage which they could have avoided through reasonable efforts.  If you find by a preponderance of the evidence that the plaintiffs unreasonably failed to take advantage of an opportunity to lessen their damages, you should deny them recovery for those damages which they would have avoided had they taken advantage of the opportunity.

You are the sole judge of whether the plaintiffs acted reasonably in avoiding or minimizing their damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages.  However, he is not required to exercise unreasonable efforts in mitigating the damages.  The defendant has the burden of proving the damages which the plaintiffs could have mitigated.  In deciding whether to reduce the plaintiffs' damages because of their failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, and decide whether the defendants have satisfied their burden of proving that the plaintiffs' conduct was not reasonable.

**FINAL INSTRUCTION NO. 24**

**<u>NOMINAL DAMAGES</u>**

The law that applies to the claims in this case authorizes an award of nominal damages.  If you find for the plaintiffs on a claim but you find that the plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

However, except as explained in prior Instruction No. 22 regarding Procedural Due Process Damages, if you find actual injury, you must award compensatory damages, as I have instructed you, rather than nominal damages.

**FINAL INSTRUCTION NO. 25**

**PUNITIVE DAMAGES**

If you find for the plaintiffs, you may, but are not required to, award punitive damages against certain defendants.  The Hardesty Plaintiffs seek punitive damages against defendant Robert Sherry.  The Schneider Plaintiffs seek punitive damages against defendants Robert Sherry, Jeff Gamel and Roger Dickinson.  You should decide whether to award punitive damages against each defendant separately.  Each individual defendant's actions and fault must serve as the basis for fashioning an appropriate punitive damages award, if any.  You may not award punitive damages against defendant Sacramento County.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that a defendant's conduct that harmed a set of plaintiffs was malicious, oppressive, or in reckless disregard of the plaintiffs' rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiffs.  Conduct is in reckless disregard of the plaintiffs' rights if, under the circumstances, it reflects complete indifference to the plaintiffs' safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiffs' rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiffs.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

You may not, however, set the amount of any punitive damages in order to punish a defendant for harm to anyone other than plaintiffs.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on plaintiffs.

Punitive damages may be awarded even if you award plaintiffs only nominal, and not compensatory, damages.

**FINAL INSTRUCTION NO. 26**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**FINAL INSTRUCTION NO. 27**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**FINAL INSTRUCTION NO. 28**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

36

**FINAL INSTRUCTION NO. 29**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**FINAL INSTRUCTION NO. 30**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.