1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH HARDESTY, et al.,                    No.  2:10-cv-02414-KJM-KJN

                         Plaintiffs,
12

13            v.                                 <u>ORDER</u>

14   SACRAMENTO METROPOLITAN AIR
     QUALITY MANAGEMENT DISTRICT,
     et al.,
15
                         Defendants.
16

17

18            A jury found defendants Sacramento County and three county officials sued in

19   their individual capacities liable for more than $100 million based on multiple constitutional

20   violations.  Defendants have appealed the judgment and two related motions, and request that the

21   court stay enforcement of the judgment against them pending the resolution of their appeal.  For

22   the following reasons, the court GRANTS defendants' motion to stay in part, but DENIES the

23   County's request that the court waive the supersedeas bond requirement.  To effectuate the stay,

24   the County will be required to post a bond of 50 percent of the judgment.

25   I.           <u>BACKGROUND</u>

26            After a lengthy jury trial, the Hardesty and Schneider plaintiffs obtained a verdict

27   exceeding $100 million against defendant Sacramento County and three county officials sued in

28

their individual capacities. The case revolved around defendants' actions leading to the closure of the Hardestys' sand and gravel mine, which the jury found violated plaintiffs' constitutional rights under the First, Fourth and Fourteenth Amendments.

Specifically, the jury found the County, but not the individual defendants, violated plaintiffs' Fourteenth Amendment procedural due process rights, and awarded nominal damages of $1 to each set of plaintiffs on these claims. Jury Verdict, ECF No. 469 at 2–3. The jury found all defendants violated plaintiffs' Fourteenth Amendment substantive due process rights and awarded $75 million to the Hardestys and $30 million to the Schneiders. *Id.* at 4–5. The jury found the County violated the Schneiders' First Amendment right to petition the government for redress and awarded them $30,000 on this claim. *Id*. at 6. The jury also awarded punitive damages in connection with the plaintiffs' substantive due process claims in the following amounts: $25,000 against defendant Dickinson, $1 million against defendant Gamel, and $750,000 against defendant Sherry. *Id.* at 7–8.

After trial, defendants filed a renewed motion for judgment as a matter of law, ECF No. 537, and a motion for a new trial, ECF No. 538, both of which the court denied, Order, ECF No. 559. Defendants have appealed the judgment, the court's order denying the renewed motion for judgment as a matter of law, and the court's order denying defendant's motion for a new trial.[1] Notices of Appeal, ECF Nos. 565–66. On July 23, 2018, the County filed a motion to stay enforcement of the monetary judgment against it, joined by the other defendants. Motion for Stay ("Motion"), ECF No. 586; *see also* Joinder, ECF No. 587. The County argues the court should grant a stay of enforcement and waive the supersedeas bond requirement. Mot. at 5. The individual defendants also argue that, in the event the County is required to post a bond, they should not be required to post a separate bond. Joinder at 1.

Defendants first contend they are entitled to an automatic stay of the judgment without the posting of a supersedeas bond under California Code of Civil Procedure § 995.220(b).

---

[1] As of the date of this order, the appeal is fully briefed and being considered for oral argument in the Fall of 2019. *See* U.S. Court of Appeals for the Ninth Circuit Case No. 18-15772, ECF No. 59.

Mot. at 5. In the alternative, they argue that Federal Rule of Civil Procedure Rule 69(a)(1)

applies, which requires the court to follow state law on the subject, in which case California law

entitles them to an automatic stay of the judgment without a supersedeas bond. *Id.* If the court

declines to apply either the California law or Rule 69, defendants argue the court should order an

unsecured stay or a stay secured by a reduced bond amount reflecting the County's financial

ability to pay the judgment. *Id.* Plaintiffs challenge each of defendants' contentions, arguing that

Federal Civil Procedure Rule 62 applies and a bond equaling 125 percent of the judgment should

be required under the local rules of this court. *See* Pls.' Mem. in Opp'n to Mot. for Stay

("Opp'n"), ECF No. 591 at 1–2.

## II.        LEGAL STANDARD

### A.        Federal vs. State Law

Defendants' argument that California law should apply to the instant motion is

unavailing. Under California law, a municipality is entitled to a stay of enforcement of a money

judgment pending appeal without having to provide a bond or other security. Cal. Civ. Proc.

Code § 995.220(b) ("[T]he following public entities . . . are not required to give the bond and

shall have the same rights, remedies, and benefits as if the bond were given . . . (b) A county

. . . ."). However, California Civil Procedure Code section 995.220(b) is a procedural rule, so it

does not apply in federal court when a federal rule is on point. *Vacation Vill., Inc. v. Clark Cty.,*

*Nev.*, 497 F.3d 902, 913–14 (9th Cir. 2007) (applying Fed. R. Civ. P. 62(d) rather than the state

statute governing appeals procedure because supersedeas bond requirement is procedural); *see*

*also In re Hassan Imports P'ship*, 2013 WL 6384649, at *1 (C.D. Cal. 2013) ("Cal. Code P.

§ 995.220 is preempted by Fed. R. Civ. P. 62, which sets forth the procedures governing

supersedeas bonds in federal court.") (citation omitted).

Anticipating this conclusion, defendants argue that, even if federal law applies,

Rule 69 controls, which directs the court to follow state law on the subject. Mot. at 8-9. Rule

69(a)(1) provides:

> Money Judgment; Applicable Procedure. A money judgment is
> enforced by a writ of execution, unless the court directs otherwise.
> The procedure on executions—and in proceedings supplementary to

and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). As the Ninth Circuit has explained, Rule 69 "governs procedure on execution of a judgment and, for the most part, directs the district court to look at state rules." *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010). In the case of *Leuzinger v. Cty. of Lake*, a sister court has explained, "[W]hile Rule 69 provides the *process* for *execution* . . . Rule 62 provides the *process* for *post-judgment stays*." 253 F.R.D. 469, 475 (N.D. Cal. 2008) (emphasis in original); *Vacation Vill., Inc.*, 497 F.3d at 914 (applying Rule 62 rather than state law because "[t]he County's monetary obligations on appeal is a situation 'covered by' Rule 62(d)[2]" (quoting *Hanna v. Plumer*, 380 U.S. 460, 471–72 (1965)). Because the instant motion requests a post-judgment stay, Rule 62 provides the applicable procedural rules. *Leuzinger*, 253 F.R.D. at 475.

     B. Rule 62(b)[3]

     Rule 62(b) allows an appellant to stay execution of a judgment pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(b); *Vacation Vill., Inc.*, 497 F.3d at 914 ("Rule 62(d) [now Rule 62(b)] is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision . . . .") (citation and internal quotation marks omitted).

---

[2] Fed. R. Civ. P. 62 was amended April 26, 2018, effective December 1, 2018. What was substantively Rule 62(d) at the time of defendants' motion is now labeled Rule 62(b). *See* Fed. R. Civ. P. advisory committee note to 2018 amendment ("Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d). . . ."). At the time of the motion, Rule 62(d) read: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal . . . . The stay takes effect when the court approves the bond." *Titan Tire Corp. of Bryan v. United Steel Workers of Am., Local 890L*, No. 09-4460, 2010 WL 815557, at *1 (6th Cir. Mar. 10, 2010) (citing Fed. R. Civ. P. 62(d)). The court bases its decision on the most current version of the rule, as well as case law that interpreted Rule 62(d), to the extent it is still applicable.

[3] The court does not address Rule 62(f), despite plaintiffs' discussion of the rules inapplicability, Opp'n at 7–8, because, on reply, the County clarified it is not seeking a stay under Rule 62(f). Reply at 4; *see also Ribbens Int'l, S.A. de C.V. v. Transport Int'l Pool, Inc.*, 40 F. Supp. 2d 1141, 1143 n.2 (C.D. Cal. 1999) (explaining Rule 62(f) does not apply if judgment creditor has not recorded judgment, creating lien, because "California is not a state in which a judgment is automatically a lien upon the property of the judgment debtor").

4

Specifically, Rule 62(b) provides:

> Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b). The current version of the rule does not delineate how the court should determine the amount of a bond, so courts look to common law for guidance, as discussed below. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("District courts have inherent discretionary authority in setting supersedeas bonds . . . .").

III.        <u>DISCUSSION</u>

The purpose of a supersedeas bond under Rule 62(b) is to secure an appellee from the "risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment" that may result from the stay. *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). It is within the court's discretion to determine what amount is appropriate, to allow alternative types of security, or to waive the bond requirement entirely. *See Rachel*, 831 F.2d at 1505 n.1 ("District courts have inherent discretionary authority in setting supersedeas bonds . . . ."); *Pauma Band of Luiseno Mission Indians of Pauma & Yuima Reservation v. California*, No. 3:09-CV-1955-CAB-MDD, 2014 WL 12669557, at *2 (S.D. Cal. Aug. 28, 2014) (citations omitted). This court's Local Rules generally require a bond in the amount of 125 percent of the judgment amount. L.R. 151(d) (citing Fed. R. Civ. P. 62 (amended April 26, 2018, effective December 1, 2018)).[4]

---

[4]        The number 125 percent is not arbitrary. While the Federal Rules are silent on the amount of a supersedeas bond, "[t]he predecessor to present Fed. R. Civ. P. 62(d) [now (b)], originally Civil Rule 73(d), had directed that the amount of the bond be computed by the district court to include 'the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond.'" *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (quoting Fed. R. Civ. P. 73(d) (abrogated December 4, 1967, with abrogation effective July 1, 1968)). Reading the current Federal Rule consistently with the earlier version, courts have concluded that an extra 25 percent, in addition to the full judgment amount, is sufficient to protect a plaintiff's interest in any "costs on the appeal, interest, and damages for delay." *See C.B. v. Sonora Sch. Dist.*, 819 F. Supp. 2d 1032, 1056 (E.D. Cal. 2011), *rev'd in part on other grounds by C.B. v. City of Sonora*, 769 F.3d 1005 (9th Cir. 2014) (en banc); *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F.

The County requests that the court waive the supersedeas bond requirement entirely. Mot. at 11–12. "While parties have a right to a stay obtained through a supersedeas bond, an unsecured stay is reserved for 'unusual circumstances,'" as determined in the court's discretion. *Bolt v. Merrimack Pharm., Inc.*, No. S-04-0893 WBS DAD, 2005 WL 2298423, at *2 (E.D. Cal. Sept. 20, 2005) (citations omitted); *see also Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796 (9th Cir.1989) ("[C]ourts have deviated from the terms of Rule 62 when the equities so required."), *vacated on reh'g on other grounds by* 929 F.2d 1358 (9th Cir. 1990) (en banc). "A party seeking a departure from the normal requirement of a full security supersedeas bond bears the burden of showing reasons for such a departure." *Lewis v. Cty. of San Diego*, No. 13-CV-02818-H-JMA, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018) (citations omitted); *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (appellant has burden to "objectively demonstrate" reasons for departing from usual requirement of full supersedeas bond); *see also In re Swift Aire Lines, Inc.*, 21 B.R. 12, 16 (B.A.P. 9th Cir. 1982) ("There must be a showing of cause for departure from the established standards" regarding when to grant a stay)).

A waiver of the bond requirement may be appropriate where: (1) "the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money"; and (2) "the opposite case, . . . where the requirement would put the defendant's other creditors in undue jeopardy." *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012) (quoting *Olympia Equip. Leasing Co. v. W. Union Tel. Co.,* 786 F.2d 794, 796 (7th Cir. 1986)). When determining whether to waive the supersedeas bond requirement, courts consider several factors, often called the *Dillon* factors, including "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial

_____

Supp. 2d 999, 1029 (N.D. Cal. 2012).

situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Lewis v. Cty. of San Diego*, 2018 WL 1071704, at *2 (citations omitted); *accord Cotton ex rel. McClure*, 860 F. Supp. 2d at 1028 (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)). District courts in the Ninth Circuit regularly apply these factors. *United States v. Moyer*, No. C 07-00510 SBA, 2008 WL 3478063, at *12 (N.D. Cal. Aug. 12, 2008) (collecting cases). Because the County only addresses the third *Dillon* factor—its ability to pay the judgment—the court need not consider the other factors. *McClure*, 860 F. Supp. 2d at 1028–29 ("Defendants' motion neglects to address any of the other *Dillon* factors, and the Court declines to do so sua sponte." (citation omitted)).

None of the cases cited by either party addresses a situation in which a county faces a judgment as large as the one faced by the County defendants here. *See Lewis v. Cty. of San Diego*, 2018 WL 1071704, at *1 (waiving bond requirement where the costs and fees at issue totaled roughly $530,000); *Ramirez v. Escondido Unified Sch. Dist.*, No. 11CV1823 DMS (BGS), 2014 WL 12675341, at *2 (S.D. Cal. Apr. 17, 2017) (waiving bond requirement where judgment was roughly $2.85 million); *McClure*, 860 F. Supp. 2d at 1028–29 (declining to waive bond requirement where judgment was $4,575,000); *Safeco Ins. Co. of Am. v. Cty. of San Bernardino*, No. EDCV 05-194-VAP(OPX), 2007 WL 9719254, at *3 (C.D. Cal. July 27, 2007) (waiving bond requirement where judgment was $6,253,331.76).

The two most analogous cases appear to be *McClure* and *Safeco*, which both focused on the county defendants' ability to pay a judgment of over one million, while reaching different results. In *McClure*, the county defendants faced a judgment of nearly $5 million and requested that the court waive the supersedeas bond requirement, because the county was clearly able to pay the judgment. *McClure*, 860 F. Supp. 2d at 1028. The court there focused on the third *Dillon* factor, as did the parties, and analyzed the county's ability to pay the judgment. *Id.* Despite the defendants' evidence that their insurance would cover the judgment, the court was "not persuaded by Defendants' showing," because "neither of [the insurance providers] state[d] that their respective funds will unconditionally satisfy the judgment in this action." *Id.* "[U]ntil there is absolute certainty that the [entity] has agreed unconditionally to pay the judgment in this

case," the court explained, "the mere existence of such possibility is an unacceptable substitute for the guarantees provided by a supersedeas bond." *Id.* (quoting *Perez Rodriguez v. Rey Hernandez*, 304 F. Supp. 2d 227, 231 (D.P.R. 2004)). The *Safeco* court, in contrast, held that the "County's ability to pay is so clear and certain that the Court can 'say with certainty that allowing an unsecured stay will not jeopardize plaintiff's recovery.'" *Safeco,* 2007 WL 9719254, at *3 (quoting *Bolt v. Merrimack Pharmaceuticals, Inc.*, 2005 WL 2298423, at *3 (E.D. Cal. 2005)). The court in *Safeco* considered the evidence that the county's discretionary revenue was $572.2 million, its general fund reserves exceeded $150 million, and it had $564 million in assets. *Id.*

In *McClure* and *Safeco*, each court determined it needed to find "with certainty" that an unsecured stay would not jeopardize the plaintiffs' recovery in order to relieve a losing party of the bond requirement. *Id.*; *McClure*, 860 F. Supp. at 1028 ("until there is absolute certainty" that insurance providers would cover judgment, court would not grant unsecured stay). Here, the County has not met its burden to show its ability to pay the judgment with certainty. The County has submitted evidence to show that its discretionary revenue is projected to be $623 million and that its bond ratings are A2 (Moodys), AA-1 (Standard and Poors) and A (Fitch). Mot. at 13. Additionally, the County represents it has the ability to set aside revenues in the current and forthcoming fiscal years to account for the judgment. *Id.* At the same time, the County notes that the 2 to 3 percent annual premium for a bond of 125 percent of the judgment would be "a considerable imposition" and the County "has not been able to plan ahead for incurring the expense of annual bond premiums," *id.* at 13–14, which plaintiffs point out creates at least a shadow of doubt as to the County's ability to pay a multi-million-dollar judgment, Opp'n at 12–13. The County also has not provided any evidence of insurance coverage or self-insurance, *see McClure*, 860 F. Supp. at 1028, nor has it shown it has such a large discretionary budget that it is certain to be able to pay the judgment, *compare Safeco*, 2007 WL 9719254, at *3 (waiving bond requirement where judgment represented roughly 1 percent of county's discretionary revenue of $572.2 million) *with* Mot. at 13 (judgment represents roughly 16 percent of County's discretionary revenues, which are projected to be $623 million for current fiscal year). Furthermore, the County has not shown it has put any plan in place to budget for the

expense of the judgment, despite noting the hardship caused by not having planned for the expense of the bond itself. *See* Mot. at 13–14. The County's evidence supporting its ability to pay the judgment does not rise to the level of certainty suggested by *McClure* and *Safeco* is required for a complete waiver of the requirement. The court therefore declines to waive the bond requirement entirely.

However, as noted, it is within the court's discretion to set a bond at an amount lower than the default 125 percent. *See Rachel*, 831 F.2d at 1505 n.1. Given the County's projected discretionary revenue and the County's overall good credit rating, the court finds that a bond in the amount of 50 percent of the total judgment is sufficient to protect plaintiffs' interests in collecting the judgment. *See* E.D. Cal. R. 151(d) ("When required, a supersedeas bond shall be 125 percent of the amount of the judgment *unless the Court otherwise orders*." (emphasis added)); *Trans World Airlines v. Hughes*, 515 F.2d 173, 175–76 (2d Cir. 1975) (allowing defendant, in a case awarding plaintiff over $145 million, to post a partial bond of $75 million and provide regular evidence of net worth greater than three times the balance owed); *Fed. Prescription Serv. Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760–61 (D.C. Cir. 1980) ("[T]he district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery."). The court's conclusion is informed in part by the public policy implications of requiring a public entity to divert a large sum away from public programs to secure a bond as large as this one would be. *See Townsend*, 881 F.2d at 796 ("[C]ourts have deviated from the terms of Rule 62 when the equities so required."); *Safeco Ins. Co. of Am. v. Cty. of San Bernardino*, 2007 WL 9719254, at *3 ("Requiring County, a public entity, to post a bond would be a waste of public resources."); *see also* Mot. at 13–14 (arguing "the County would be required to fund [the premiums on a bond] by diverting funds from important and deserving programs that benefit County residents"). Because the County represented at hearing that it will fully indemnify the individual defendants, to the extent it can legally do so, the County's bond of fifty percent is sufficient to protect plaintiffs' interests, and the individual defendants need not post a separate bond. *See Luckert v. Dodge Cty.*, No. 8:07CV5010, 2011 WL 13128689, at *2 (D. Neb. Jan. 11, 2011) ("[T]he individual

defendants must post a supersedeas bond to obtain a stay of execution pending appeal, unless defendant . . . County either posts a bond for them or agrees to indemnify them for the judgment.").

Accordingly, the court GRANTS the County's request for a stay, conditioned on the posting within thirty (30) days of a bond of 50 percent of the judgment amount.

IT IS SO ORDERED.

DATED:  June 27, 2019.

_____
UNITED STATES DISTRICT JUDGE