**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH HARDESTY; et al.,<br><br>          Plaintiffs-Appellees,<br><br>  v.<br><br>SACRAMENTO COUNTY,<br><br>          Defendant-Appellant,<br><br> and<br><br>ROGER DICKINSON; et al.,<br><br>          Defendants. | Nos. 18-15772, 18-15773<br><br>D.C. Nos.<br>2:10-cv-02414-KJM-KJN<br>2:12-cv-02457-KJM-KJN<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted January 24, 2020
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and SESSIONS,[**] District Judge.

Partial Concurrence and Partial Dissent by Judge R. NELSON

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Defendant Sacramento County ("County") and individual defendants Roger Dickinson, Jeff Gamel, and Robert Sherry (collectively "Individual Defendants") challenge the district court's denial of their renewed motion for judgment as a matter of law and motion for a new trial. The jury found Defendants liable for violating Plaintiffs' substantive due process rights and awarded $105 million in compensatory damages against the County and Individual Defendants jointly and severally, and $1,775,000 in punitive damages against the Individual Defendants. Defendants argue the verdict is not supported by substantial evidence, the court erred by failing to offer a proposed jury instruction regarding campaign finance, the damages are excessive, and the Individual Defendants are entitled to immunity. Because the parties are familiar with the facts, we do not recount them here.  We reverse the judgment as it applies to the Individual Defendants because they are entitled to immunity, affirm the judgment of liability against the County, and remand the damages against the County as excessive.

We review de novo the denial of a Fed. R. Civ. P. 50 motion for judgment. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1185 n.8. (9th Cir. 2004).  We review that motion's attack on the jury verdict for substantial evidence. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999).  Arguments that were not properly raised in a Rule 50(a) motion are reviewed only for plain error. *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).  We review the district

court's formulation of the jury instructions for abuse of discretion. *Oviatt v. Pearce*, 954 F.2d 1470, 1481 (9th Cir. 1992).

  1. Defendant Roger Dickinson is entitled to absolute immunity because the functions he performed were quasi-judicial. The Supreme Court "has outlined a list of factors to consider in determining whether an official's functions are quasi-judicial in nature: (1) the need to insulate the official from harassment or intimidation; (2) the presence of procedural safeguards to reduce unconstitutional conduct; (3) insulation from political influence; (4) the importance of precedent in the official's decision; (5) the adversar[ial] nature of the process; and (6) the correctability of error on appeal." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008). Dickinson voted against the Schneiders' appeal at a formal adjudicatory hearing at which counsel was available to both sides on a transcribed record subject to judicial review. His role was "functionally comparable" to one of a judicial nature. Moreover, the factors weigh in favor of him being entitled to absolute immunity. *Id.* For instance, there is a need to insulate officials making adjudicatory decisions from harassment and intimidation, Dickinson was just one of a panel that voted and so there were other procedural safeguards checking unconstitutional conduct and, as this case shows, the process is adversarial with opposing parties presenting strong and detailed arguments, through legal counsel, to support their positions.

2. All three Individual Defendants are entitled to qualified immunity as to the Hardestys' claims. No Ninth Circuit or Supreme Court case clearly established that the Individual Defendants' enforcement actions were a violation of the Hardesty's due process rights to engage in their chosen profession. *See Martinez v. City of Clovis*, 943 F.3d 1260, 1275 (9th Cir. 2019) (internal quotation marks omitted). And all three Individual Defendants are entitled to qualified immunity as to the Schneiders' claims because their actions did not violate a clearly established constitutional right that any reasonable officer would have understood he was violating. *Id.* at 1275. Plaintiffs claim the unlawfulness of the Individual Defendants' actions was clearly established because they were only permitted to "order the operator to restrict the operation to its former level" if it appeared that the operation was expanding beyond the vested right. *Hansen Brothers Enterprises, Inc. v. Board of Supervisors*, 12 Cal.4th 533, 575 (Cal. 1996). But the record shows that the Individual Defendants took actions based on multiple complaints that the Hardesty mine had expanded significantly. It was therefore reasonable for the officials to believe that the Schneiders had exceeded the bounds of their vested right and that their actions did not undermine the original vested right.

3. Because the County did not raise its argument that the Hardestys failed to support their chosen profession theory with evidence until its Rule 50(b)

motion, "we are limited to reviewing the jury's verdict for plain error, and should reverse only if such plain error would result in a manifest miscarriage of justice." *See Go Daddy*, 581 F.3d at 961.  Our inquiry is limited to "whether there was *any* evidence to support the verdict.  *Id.* at 961-62.  Here, the jury was presented with evidence that the County ordered the Hardesty mining operation to shut down; the County did so based on impermissible political motivations; and because of the County's actions, there was not "much of anything left of the Hardesty Sand and Gravel Company" and as of trial the Hardestys had not any income for seven or eight years.  Based on that evidence, the jury could conclude the County acted arbitrarily and unreasonably to deprive the Hardestys of their chosen occupation. *See Benigni v. Hemet*, 879 F.2d 473, 487 (9th Cir. 1988); *Chalmers v. City of Los Angeles*, 762 F.2d 753, 758 (9th Cir. 1985).  Accordingly, there was no plain error in the jury's finding of liability against the County as to the Hardesty plaintiffs.

4.  There is substantial evidence in the record to support the jury's verdict that the Schneiders had a vested right which the County abrogated in violation of substantive due process.  The jury was presented with evidence that the Schneiders had a vested right and that the County acted arbitrarily and unreasonably in ordering them to cease mining on their property, thus depriving them of their vested right.  We affirm the jury's finding of liability against the County as to the Hardesty plaintiffs.

5.      The Hardestys' damages award is reversed and remanded as excessive.  The district court abused its discretion by failing to consider Defendants' argument that the damages were excessive.  "A district court's failure to exercise discretion constitutes an abuse of discretion."  *Taylor v. Soc. Sec. Admin.*, 842 F.2d 232, 233 (9th Cir. 1988).  The award is excessive because it was calculated based on the wrong theory of recovery.  The Hardestys chose to pursue a theory of recovery based on their loss of an ability to practice a profession as individuals.  The jury's award of $75 million was based on the business's estimated value if it continued to operate between 75 and 100 more years.  The value of a business, on the one hand, and the damages resulting from an individual's inability to practice his or her profession, on the other, are distinct concepts.  Because there was no substantial evidence by which a jury could conclude that the Hardestys themselves would continue working for over 75 years, the damages were excessive.

6.      The Schneiders' damages award is also reversed and remanded as excessive.  Lost profits were the wrong measure of damages for their due process claim.  The jury awarded damages for the Schneiders' substantive due process claim based on the total value of aggregate ore on their property rather than based on the diminution in value of the property associated with increased regulatory costs.  The jury did not have evidence upon which it could have concluded that the

Schneiders lost the entire value of the ore on the land that they continued to own.

Additionally, the jury failed to account for mitigation in the form of the Schneiders' recuperation of the value of the gravel before calculating damages. A reasonable jury could not include the value of the gravel in the award while accounting for mitigation.

7.  The district court did not abuse its discretion in failing to offer the County's proposed jury instruction regarding campaign contributions. The district court accurately stated the law when it informed the jury that campaign contributions are constitutionally protected free speech. The trial court did not abuse its discretion by declining to give the proposed jury instruction as Defendants formulated it.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. THE PARTIES ARE TO BEAR THEIR OWN COSTS.**

*Hardesty v. Sacramento County*, 18-15772

R. NELSON, Circuit Judge, concurring in part and dissenting in part:

I concur in the panel's determinations that the Individual Defendants are entitled to qualified immunity as to the Hardestys' claims; that the County is liable for its conduct as to both the Hardestys and the Schneiders; that the district court abused its discretion by failing to consider Defendants' argument that the damages were excessive; that the Schneiders' damages were excessive; and that the district court did not err in failing to offer the County's proposed jury instruction regarding campaign contributions. But I dissent from the panel's holdings that Dickinson is entitled to absolute immunity; that the Individual Defendants are entitled to qualified immunity as to the Schneiders' claims; and that the Hardestys' damages were based on the wrong theory of recovery.

First, I would hold Dickinson is not entitled to absolute immunity because his position was not immune from political influence. The ultimate question is whether his role was "functionally comparable" to that of a judge. *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008). As the majority notes, some of the factors identified in *Miller* are present in this case. But the Supreme Court has emphasized that whether a decisionmaker "exercises his independent judgment on the evidence before him, free from pressures by the parties or other officials within the agency" is "[m]ore important[]" than whether the powers the decisionmaker

1

exercises are similar to those of a judge. *See Butz v. Economou*, 438 U.S. 478, 513 (1978).

Far from being insulated from political influence, Dickinson was held liable precisely on the theory that he violated Plaintiffs' substantive due process rights to benefit an influential competitor. He was an elected official who received campaign contributions and gifts from a powerful competing mine. That same competing mine argued before the Board of Supervisors over which Dickinson presided that the Schneiders never had a vested right, and may have coordinated with the County to draft findings of fact for the Board's approval after the hearing. And Dickinson received campaign contributions from that competitor in the two-week period between the Board's tentative decision to deny the appeal and its final decision. Granting absolute immunity under these circumstances shields officials from liability based on supposed independence when the jury found, and substantial evidence supports, precisely the opposite: Dickinson voted to deprive the Schneiders of their vested right to appease a more powerful competitor.

Second, I would hold the Individual Defendants are not entitled to qualified immunity as to the Schneiders' substantive due process claim. The law was clearly established as of 1996 that the Schneiders had a right to mine on their property. *Hansen Bros. Enters., v. Bd. of Supervisors*, 907 P.2d 1324, 1335 (Cal. 1996). The

2

County recognized that vested right on multiple occasions before the Schneiders' competitors began to complain.

It was clearly established that the Individual Defendants' conduct violated that vested right. They did not follow *Hansen's* clear instruction that, even if the County believed that the Schneiders may have been operating beyond the scope of the vested right, the only proper action would be to "order the operator to restrict the operation to its former level, and seek an injunction if the owner does not obey." *Hansen*, 907 P.2d at 1351. Instead, the Defendants forced the Schneiders to shut down all operations, in violation of the Schneiders' clearly established right. That action was clearly established as arbitrary and unreasonable by *Hansen*. I would therefore hold the Individual Defendants are not entitled to qualified immunity as to the Schneiders' claims.

Finally, I concur with the majority's holding that the district court abused its discretion by failing to consider Defendants' argument that the Hardestys' damages were excessive. But rather than limiting its holding to the arguments presented by the parties, the majority holds sua sponte that the award is excessive because it was based on the wrong theory of recovery. That argument was not made before this panel, let alone before the district court. This Court may review a waived argument in limited circumstances which are not present here. *See Bolker v. Comm'r of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir. 1985) (quotation

3

marks and citation omitted).  As a unanimous Supreme Court reminded our Circuit earlier this year, "[i]n our adversarial system of adjudication, we follow the principle of party presentation . . . 'we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (quoting *Greenlaw v. United States*, 554 U. S. 237 (2008)).  In short, the Court reminded us, we "do not, or should not, sally forth each day looking for wrongs to right.  [We] wait for cases to come to [us], and when [cases arise, we] normally decide only questions presented by the parties.'"  *Id.* (quoting *United States v. Samuels*, 808 F. 2d 1298, 1301 (8th Cir.1987) (Arnold, J., concurring in denial of reh'g en banc)).  I therefore do not join the majority's holding that the Hardestys' damages were based on the wrong theory of recovery when Defendants did not at any time present that argument.