UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Hardesty, et al., | No. 2:10-cv-02414-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| Sacramento Metropolitan Air Quality Management District, et al., | |
| Defendants. | |

    The individual defendants request the court dismiss them now that the Ninth Circuit Court of Appeals has held they are immune from suit. The court **grants the request**.

    The plaintiffs and remaining defendant Sacramento County disagree over the scope of remand following the balance of the Ninth Circuit's decision in this case. The court finds the Ninth Circuit narrowly remanded this case for further proceedings only to determine the amount of damages that should be awarded.

    Additionally, plaintiffs' Motion for Attorney's Fees that was filed before the appeal to the Ninth Circuit remains pending. For the reasons discussed below, the court **grants plaintiffs' request for leave to withdraw their motion without prejudice to refiling** a new fees motion after the second trial.

1

**I.     BACKGROUND**

In 2017, a jury found both the individual and County defendants liable for violating the plaintiffs' substantive due process rights. Verdict Form at 4, ECF No. 469. The jury found the defendants jointly and severally liable and awarded compensatory damages in the amount of $105 million. *See generally id.* Against the individual defendants the jury awarded a total of $1,775,000 in punitive damages. *Id.* The defendants moved for judgment as a matter of law and a new trial, ECF Nos. 537 & 538, which the court denied, Prev. Order (Mar. 31, 2018), ECF No. 559. Plaintiffs filed a Motion for Attorney's Fees, ECF No. 573, which as noted is still pending before the court.

The defendants appealed, seeking to overturn both the verdict and damages award. The Ninth Circuit "reverse[d] the judgment as it applies to the Individual Defendants because they are entitled to immunity, affirm[ed] the judgment of liability against the County, and remand[ed] the damages against the County as excessive." *Hardesty v. Sacramento Cty.*, 824 F. App'x 474, 476 (9th Cir. 2020) (unpublished), *cert. denied sub nom. Sacramento Cty., CA v. Hardesty*, No. 20-1286, 2021 WL 2637864 (U.S. June 28, 2021).

Following the Ninth Circuit's remand, this court set a status conference. Min. Order, ECF No. 624. In the joint status report prepared for the conference, the individual defendants requested the court "enter an order or judgment recognizing their dismissal." Joint Status Report at 10, ECF No. 632. At the status conference the court discussed with the parties dismissal of the individual defendants and the scope of the remand, and the court ordered the parties to file supplemental briefing. Mins., ECF No. 633. The plaintiffs filed objections to the dismissal of the individual defendants, Pls.' Obj., ECF No; 634, and the individual defendants responded, Individual Defs.' Response, ECF No. 636. The plaintiffs also filed a supplemental brief on the scope of remand issue. Pls.' Suppl. Br., ECF No. 635. The County also filed a supplemental brief, County's Suppl. Br., ECF No. 637, and the plaintiffs replied, Pls.' Sur-Reply, ECF No. 640. More recently, both the plaintiffs and individual defendants filed updates with the court regarding the status of certiorari petitions. Pls.' Mem., ECF No. 641; Individual Defs.' Am. Req., ECF No. 643. On March 12, 2021, the County filed its petition. Petition for Writ of Certiorari,

2

*Sacramento County v. Hardesty, et al.*, 2021 WL 1026142 (U.S.) (No. 20-1286). Plaintiffs did not file a cross-petition. Defs.' Am. Req. at 1. On June 28, 2021, the Supreme Court denied the County's petition for a writ of certiorari. *Sacramento Cty., CA v. Hardesty*, No. 20-1286, 2021 WL 2637864 (U.S. June 28, 2021).

## II.   SCOPE OF REMAND LEGAL STANDARD

"The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (quoting *Maag v. Wessler*, 993 F.2d 718, 720 n.2 (9th Cir. 1993)).

"Although broader than the law of the case doctrine, the so-called rule of mandate allows a lower court to decide anything not foreclosed by the mandate." *Id.* The rule of mandate doctrine provides that

> [w]hen a case has been once decided by this court on appeal, and remanded to the [district court], whatever was before this court, and disposed of by its decree, is considered as finally settled. The [district court] is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded. . . . But the [district court] may consider and decide any matters left open by the mandate of this court. . . .

*United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255–56 (1895)).

## III.   ANALYSIS

On appeal the Ninth Circuit determined that individual defendant "Roger Dickinson is entitled to absolute immunity" and that all three individual defendants were entitled to qualified immunity in the face of plaintiffs' claims. *Hardesty*, 824 F. App'x at 476–477. The Circuit "reverse[d] the judgment as it applies to the Individual Defendants because they are entitled to immunity, affirm[ed] the judgment of liability against the County, and remand[ed] the damages against the County as excessive." *Id.* at 476.

/////

First, the court must address the individual defendants' request that this court enter an order recognizing their dismissal following the Ninth Circuit's decision. Plaintiffs objected to the request, claiming dismissal of the individual defendants was premature as the County intended to file a petition for certiorari with the Supreme Court and plaintiff was considering doing the same. Pls.' Obj. at 2. The due date for filing a petition was March 12, 2021, plaintiffs did not file one, and the County's petition was denied. Defs.' Am. Req. at 1. As the only reason on record plaintiffs had for objecting to dismissal was that it was "premature . . . until the time to file [their] cross-petition has expired," the court dismisses the individual defendants.

Next, the court addresses the County's claim that the Ninth Circuit's judgment is an "open reversal" under which this court may conduct a retrial of liability issues as well as damage issues. Joint Status Report at 4. The court reads the Ninth Circuit's opinion as a narrow remand, providing that the court address only the damages award the appellate court found excessive. *See Thrasher*, 483 F.3d at 983 (citing *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 967 (9th Cir. 2005) ("affirm[ing] the district court's disposition of issues other than the constitutional propriety of the punitive damages awards.")). Accordingly, a trial will proceed only to determine the appropriate amount of damages owed.

## IV.  ATTORNEY'S FEES

On September 9, 2021, the court issued a Minute Order asking the parties if the motion for attorney's fees was ripe for review. Min. Order, ECF 646. The parties agree the motion should not be decided at this time. Defs.' Notice, ECF No. 648; Pls.' Notice, ECF No. 649. The court grants the plaintiffs' request for leave to withdraw their motion without prejudice to refiling a new fees motion after the second damages trial. *See* Pls.' Notice at 2.

## V.  CONCLUSION

Plaintiffs' motion for attorney's fees, ECF No. 573, is **withdrawn**.

The individual defendants are **dismissed**.

Discovery in the case is **reopened for the limited purpose** of developing further evidence related to damages in light of the remand order from the Ninth Circuit Court of Appeals. The

////

parties shall have five months from the date of this order to conduct discovery, with a fact discovery cutoff of March 1, 2022.

The parties will make any necessary supplemental disclosures under Rule 26(a)(1), without duplicating prior disclosures, within 14 days of this order.

The parties will make any initial expert disclosures under Rule 26(a)(2), within 30 days of this order, with rebuttal disclosures due 30 days thereafter and an expert discovery cutoff of January 3, 2022.

Dispositive motions, if any, shall be filed so as to be heard by March 4, 2022.

At the last hearing, parties agreed a settlement conference would be appropriate and waived any conflict with the assigned Magistrate Judge.  Transcript at 8–9.  Accordingly, the matter is **referred** to Magistrate Judge Newman for the setting of a settlement conference to be held as soon as practicable.  The parties shall file written notice with the court within 7 days of completing the settlement conference, informing the court of the result.

This order resolves ECF Nos. 573 & 643.

IT IS SO ORDERED.

DATED: October 1, 2021.

CHIEF UNITED STATES DISTRICT JUDGE