1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Joseph Hardesty, et al.,                    No. 2:10-cv-02414-KJM-KJN

12                     Plaintiffs,                ORDER

13        v.

14   Sacramento Metropolitan Air Quality
15   Management District, et al.,

16                     Defendants.

17

18          In advance of the retrial on damages in this case, the Hardestys have filed one motion *in*

19   *limine* and the County has filed nine motions *in limine*.  The parties have filed a stipulation

20   resolving the Hardestys' motion and the County's fifth motion in full and the County's seventh

21   motion in part.  *See* Stip., ECF No. 700.  The County has withdrawn its eighth motion.  *See id.*

22   On June 30, 2023, the court held a hearing on the remaining motions and denied the County's

23   second motion without prejudice and granted the seventh motion without prejudice for reasons

24   stated on the record.  *See* Mins. Hr'g, ECF No. 707.  The court resolves defendants' remaining

25   five motions here.

26   **I.    COUNTY'S FIRST MOTION**

27          The County moves to exclude all evidence and arguments relating to liability because, it

28   says, liability is not relevant to the narrow issue of damages to be tried.  Def.'s MIL 1, ECF No.

                                              1

681.  The County argues liability evidence would be prejudicial because it would have the effect of exciting and confusing the jury, and wasting time. *Id.* at 4.  During oral argument, the court deferred ruling on this motion.

As the court underscored at hearing, fundamentally, the parties will not be allowed to re-litigate the issue of damages.  However, the County's motion as presented is too broad, in that it seeks to exclude any argument or evidence regarding liability.  *See McCoy v. Kazi*, No. 8-07244, 2010 WL 11465179, at *12 (C.D. Cal. Aug. 27, 2010) ("A motion in limine may be denied for being vague and overbroad.").  For example, evidence relevant to damages that also implicates liability would be covered by defendant's broad motion.  Moreover, the jury will need to hear some information regarding why the Hardestys are entitled to damages to understand the context of the case.  *Cf. Conaway v. Baker County*, 76 F. App'x 820, 821 (9th Cir. 2003) (unpublished) ("To understand the context of the case, the jury needed some information about the crime [defendant] was suspected of committing.").  Thus, the court will not grant a blanket exclusion of evidence related to liability.  The motion is **denied without prejudice**.

At the same time, the court **directs** the parties **to meet and confer** and **file a joint statement** addressing what they believe the court should tell the jury, during *voir dire* and at the beginning of trial, to clarify that the focus of this trial is damages.  The parties shall file this joint statement **within thirty (30) days** of the filed date of this order.

## II.   COUNTY'S THIRD MOTION

The County moves to exclude evidence of or reference to the settlement between the County and the Schneider plaintiffs under Federal Rule of Evidence 408.  Def.'s MIL 3 at 4, ECF No. 683; *see* Fed. R. Evid. 408 (prohibiting evidence of settlement to prove or disprove "amount of a disputed claim").  The parties in the *Schneider* case filed a notice of settlement advising the court that they have reached a settlement agreement in principle, but the County has represented the written agreement had not been finalized as of the date of the hearing.[1]  At hearing, the parties

---

[1] In the *Schneider* case, No. 12-2457, the court granted the parties' request to extend the deadline to file dispositional documents.  ECF No. 145.  The parties have not met the extended deadline.

1  agreed evidence regarding royalty payments would be admissible regardless of whether it is

2  included in the settlement agreement.  *See also* Def.'s Reply MIL 3 at 4, ECF No. 701-2.  The

3  Hardestys also suggested they may stipulate to the motion depending on the settlement

4  agreement's content, once it is finalized.  Accordingly, the court **defers** ruling on this motion

5  until the settlement agreement is finalized.  The County is directed to promptly forward the

6  settlement agreement once finalized to the Hardestys.  The parties are **directed to then meet and**

7  **confer** and **file a joint statement** updating the court on whether a ruling on this motion is

8  necessary or if it has become moot.  The joint statement shall be filed no later than **fourteen (14)**

9  **days after the settlement agreement is finalized and provided to the Hardestys.**

10  **III.   COUNTY'S FOURTH MOTION**

11        The County moves to exclude any evidence, testimony, opinion or argument by the

12  Hardestys about production volumes at the Schneider Historic Mine that are greater than the

13  volumes the Hardestys relied on during the first trial.  Def.'s MIL 4 at 5–6, ECF No. 684.  The

14  County argues the Hardestys are judicially estopped from relying on any such evidence because

15  the Hardestys relied on different numbers during the first trial: in the first trial, the Hardestys

16  relied on the Office of Mine Reclamation (OMR) numbers while the Hardestys now rely on their

17  internally logged production numbers to substantiate their damages calculation; those numbers

18  were not disclosed in the first trial.  *Id.* at 4.  Specifically, the County argues the Hardestys

19  previously relied on the OMR numbers to: 1) argue their production rate was within their vested

20  right to mine during the liability phase and in its opposition to the County's renewed motion for

21  judgment as a matter of law (RJMOL), and 2) to substantiate their damages calculation during the

22  damages phase, i.e., argue they could maintain their production rate for the next 75 to 100 years.

23  *Id.* at 6; Def.'s Reply MIL 4 at 3, ECF No. 701-3.  The County argues the Hardestys' new

24  evidentiary position is inconsistent with its prior position, so it would be unfair for the court to

25  permit the new evidence of a higher production volume.  *See* MIL 4 at 7.

26        The County's arguments are unpersuasive.  "Judicial estoppel is an equitable doctrine that

27  precludes a party from gaining an advantage by asserting one position, and then later seeking an

28  advantage by taking a clearly inconsistent position."  *Hamilton v. State Farm Fire & Cas. Co.*,

270 F.3d 778, 782 (9th Cir. 2001).  In determining whether judicial estoppel applies, courts may consider the following factors: "first, a party's later position must be 'clearly inconsistent' with its earlier position"; second, courts consider "whether the party has succeeded in persuading a court to accept that party's earlier position"; and third, courts consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001).

First, as part of its judicial estoppel argument, the County says the Hardestys' position is clearly inconsistent with their position during the liability phase of the prior trial and in their opposition to the County's RJMOL.  The court is unpersuaded.  During the first trial and in the Hardestys' opposition to the County's RJMOL, the Hardestys argued the scope of their vested right encompassed the whole mining operation at the Schneider Historic Mine without limitation. *See, e.g.*, Opp'n to RJMOL at 35–41, ECF No. 547; Trial Tr. 2472:8–13 (Hardestys' Closing Arg.), ECF No. 512.  In this light, because the Hardestys previously argued there were no limits on production, the Hardestys would not be taking a clearly inconsistent position now by relying on evidence of higher production volume during the retrial for damages.  Moreover, the court did not rely on the OMR data to find for the Hardestys in the posttrial motion; rather, in its order denying the County's RJMOL, the court held "[b]ecause substantial evidence supports a jury finding that plaintiffs had a vested right to mine the entire SHM tract without limitation as to method or production levels, defendants' argument they had a legitimate government objective in addressing an impermissibly expanding nonconforming use also is unavailing."  Prior Order at 23, ECF No. 559.  Because the court finds the Hardestys are not taking a clearly inconsistent position and the court did not rely on the OMR data to find for the Hardestys in its prior order, judicial estoppel does not apply in this respect.

Second, the County argues the Hardestys' position is clearly inconsistent with their position during the damages phase of the prior trial.  The court finds judicial estoppel does not apply here either, where the appellate court has remanded the case for a new trial on damages. Specifically, the Ninth Circuit reversed and remanded the Hardestys' damages award "because it was calculated based on the wrong theory of recovery."  *Hardesty v. Sacramento County*, 824 F.

1   App'x 474, 478 (9th Cir. 2020) (unpublished).  The new trial on damages proceeds *de novo*.  *See*

2   *United States v. Ordonez*, 722 F.2d 530, 540 (9th Cir. 1983), *amended*, 737 F.2d 793 (9th Cir.

3   1983); *see also Dowling v. Am. Haw. Cruises, Inc.*, 869 F. Supp. 806, 808 (D. Haw. 1994)

4   ("Absent any stipulations by the parties to the contrary, a new trial proceeds *de novo*.").  Thus, on

5   retrial, the "parties are not confined to the evidence previously adduced" at the first trial.

6   *Dowling*, 869 F. Supp. at 808 (citing *Dopp v. HTP Corp.*, 947 F.2d 506, 519 (1st Cir. 1991)).

7   The County has not provided any authority, in its briefing or at hearing, suggesting otherwise.

8   Accordingly, the court finds the Hardestys are not judicially estopped from relying on evidence

9   that is different from the evidence they relied on at the first trial to establish damages.

10        This motion is **denied without prejudice to specific objections at trial.** [2]

11   **IV.   COUNTY'S SIXTH MOTION**

12        The County moves to exclude the expert testimony of Crystal Howard, or alternatively,

13   requests the court hold a *Daubert* hearing to determine whether Howard's opinions are reliable.

14   Def.'s MIL 6 at 2, ECF No. 686.

15        Whether expert testimony is admissible under Federal Rule of Evidence 702 is a question

16   within the trial court's discretion.  *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997).  The

17   court plays a "gatekeeping" role to ensure all expert testimony, scientific or otherwise, is both

18   relevant and reliable.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–49 (1999).

19   "[R]eliability is an entirely separate question" from qualifications, and the inquiry is focused on

20   the basis for the expert's testimony.  *United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022),

21   *cert. denied*, No. 22-7335, 2023 WL 3571601 (U.S. May 22, 2023), *and cert. denied sub nom.*

22   *Higuera v. United States*, No. 22-7350, 2023 WL 3571611 (U.S. May 22, 2023).  "Expert opinion

23   testimony . . . is reliable if the knowledge underlying it has a reliable basis in the knowledge and

24   experience of the relevant discipline."  *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036,

---

[2] In the County's motion and reply, it suggests the Hardestys improperly withheld a flash drive and its contents during the first trial, which is potentially the sole evidence of a higher production volume.  *See* Def.'s MIL 4 at 4; Def.'s Reply MIL 4 at 2.  However, at hearing, the County clarified it was not moving for exclusion of these items based on a failure to disclose them during the first trial, but was moving exclusively on judicial estoppel grounds.  Given this clarification, the court does not reach the argument and it is waived.

1044 (9th Cir. 2014) (citation omitted).  "The test of reliability is flexible," and the court "has discretion to decide how to test an expert's reliability . . . based on the particular circumstances of the particular case." *Id.* (citation omitted).  Some factors the court may consider are: "testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance." *Id.*  In *Holguin*, the Ninth Circuit made clear a court faced with a *Daubert* motion must scrutinize the record related to the proposed expert's testimony and make a reasoned determination: When the reliability of an expert is challenged, the district court "cannot be silent [and] must make more than a conclusory statement." *Holguin*, 51 F.4th at 854–55 (internal marks and citations omitted).

The County argues Howard's testimony is unreliable on three grounds: 1) she picked 2009 as a base year without explanation, 2) she relied on the Hardestys' self-recorded production and not the numbers reported to OMR, and 3) the model of future production is based on speculation. *See* Def.'s MIL 6.  "[W]hile a court may reject wholly speculative or unfounded testimony, it abuses its discretion if it overlooks relevant data submitted as the foundation of an expert's remarks." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022).  Here, Howard explains why she picked 2009 as the base year.  Def.'s MIL 6 Ex. A at 12, ECF No. 686.  She accounts for the economic conditions at the time and explains that the average of the Hardestys' production from 2006-2009—the County's proposed alternative—would have in fact been *greater* than the 2009 value.  *Id.*  She also explains why she relied on one set of data over the other.  *Id.* at 12, 22.  Finally, she explains her methodology in calculating lost income.  *Id.* at 10–11.  Her methods were based on the time value of money and utilizes the discounted cash flow method.  *Id.*  She adjusted prices based on industry averages and inflation, and she also took into account operation costs.  *Id.* at 12–16, 23.  Contrary to the County's arguments, Howard's methodology does not appear to be unreliably speculative.  *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) ("[T]he judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable.").

The court's role is to test the soundness of the expert's methodology, not the correctness of the expert's conclusion.  *Elosu*, 26 F.4th at 1024.  Here, the County does not challenge

Howard's methodology. The County conceded as much during hearing. Rather, the County argues Howard's testimony is unreliable because it disagrees with the data Howard herself used, and with her projections. However, an expert may make "projections based on reliable methodology." *Id.* at 1025. The County's argument goes to the weight of Howard's testimony. While there may be grounds to challenge the correctness of Howard's conclusions during trial, "shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (Apr. 27, 2010).

Although the court is inclined to think Howard's expert testimony passes *Daubert* based on the information currently in the record, the court **defers** ruling on this motion. The court **grants** the County's request for a *Daubert* hearing and will hold the hearing for up to two hours, prior to Howard's taking the stand to testify. *See Holguin*, 51 F.4th at 853 (cautioning courts "that even if not required, it will often be beneficial for district courts to conduct some proceeding, focused on the reliability of expert testimony, such as a *Daubert* hearing"). The parties will be allowed to examine and cross-examine Howard, and then make final argument regarding the motion to exclude her testimony from trial.

## V.   COUNTY'S NINTH MOTION

Lastly, the County seeks to exclude any "Golden Rule" or "Reptile Theory" arguments. Def.'s MIL 9, ECF No. 689. A golden rule argument is defined as "a suggestion to the jury by an attorney that the jurors should do unto others . . . as they would have others do unto them." *Minato v. Scenic Airlines, Inc.*, 908 F.2d 977 (9th Cir. 1990) (table). "[C]ourts have generally found the 'Golden Rule' argument improper because a jury which has put itself in the shoes of one of the parties is no longer an impartial jury." *Id.* While the Ninth Circuit has not explicitly addressed whether golden rule arguments should be categorically prohibited, the "majority of circuit courts prohibit Golden Rule arguments on the issue of damages." *Brewer v. Leprino Foods Co., Inc.*, No. 16-1091, 2019 WL 3208193, at *6 (E.D. Cal. July 16, 2019). "The 'reptile theory' is closely related to the 'golden rule,' and it similarly invokes juror self-interest at the expense of impartiality." *Espindola v. Wismettac Asian Foods, Inc.*, No. 20-03702, 2023 WL

2628698, at *5 (C.D. Cal. Jan. 13, 2023).  The reptile theory attempts to inspire strong feelings by "showing the jury that the defendant's conduct represents a danger to the survival of the jurors and their families." *Hensley v. Methodist Healthcare Hosps.*, No. 13-2436, 2015 WL 5076982, at *4 (W.D. Tenn. Aug. 27, 2015).  Many courts in this circuit have denied motions *in limine* seeking to categorically exclude this type of evidence that do not identify the specific evidence a party seeks to exclude.  *See, e.g.*, *Aidini v. Costco Wholesale Corp.*, No. 15-505, 2017 WL 10775082, at *1 (D. Nev. Apr. 12, 2017) ("Federal courts have hissed at motions based on this theory that seek a broad prospective order untethered to any specific statements the other side will make.").  Here, the County does not identify specific evidence it requests the court exclude under either the golden rule or reptile theory.  The motion is **denied without prejudice to specific objections at trial.**

## VI.   CONCLUSION

In summary, the court resolves the parties' motions as follows:

1) The Hardestys' motion (ECF No. 680) and the County's motions *in limine* no. 5 (ECF No. 685) and no. 8 (ECF No. 688) have been resolved by the parties' stipulation, which the court approves.

2)  The County's motion *in limine* no. 1 (ECF No. 681) is **denied without prejudice**. The parties are directed to meet and confer and file a joint statement within thirty (30) days of the filing date of this order.

3) The County's motion *in limine* no. 2 (ECF No. 682) is **denied without prejudice** for the reasons stated from the bench.

4) The County's motion *in limine* no. 3 (ECF No. 683) is **deferred** pending finalization of the settlement agreement between the County and the Schneiders.  The parties are directed to meet and confer and file a joint statement fourteen (14) days after the settlement agreement is finalized and provided to the Hardestys, updating the court on the agreement's impact on the pending motion.

5) The County's motion *in limine* no. 4 (ECF No. 684) is **denied without prejudice**.

6) The County's motion *in limine* no. 6 (ECF No. 686) is **deferred**.  The court will hold a *Daubert* hearing prior to Crystal Howard's providing any expert testimony during trial.

7) The County's motion *in limine* no. 7 (ECF No. 687) is **granted without prejudice** for the reasons stated from the bench.

8) The County's motion *in limine* no. 9 (ECF No. 689) is **denied without prejudice.**

This order resolves ECF Nos.  681, 682, 684, 687 and 689.

IT IS SO ORDERED.

DATED:  July 14, 2023.

CHIEF UNITED STATES DISTRICT JUDGE