G. David Robertson, Esq. (SBN 111984)
ROBERTSON, JOHNSON, MILLER & WILLIAMSON
50 W. Liberty Street, Suite 600
Reno, Nevada 89501
Telephone:     775.329.5600
Facsimile:      775.348.8300
Email: gdavid@nvlawyers.com

R. Paul Yetter, Esq. (*pro hac vice*)
Justin P. Tschoepe, Esq. (*pro hac vice*)
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Telephone:     713.632.8000
Email: pyetter@yettercoleman.com
Email: jtschoepe@yettercoleman.com

DAVID A. DIEPENBROCK (SBN 215679)
**weintraub tobin** chediak coleman grodin
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone:     916.558.6000
Facsimile:      916.446.1611
Email: ddiepenbrock@weintraub.com

Attorneys for Plaintiffs,
JOSEPH HARDESTY and YVETTE HARDESTY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| JOSEPH HARDESTY, an individual; and YVETTE HARDESTY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SACRAMENTO METROPOLITAN AIR QUALITY MANAGEMENT DISTRICT, et al.,<br><br>Defendants. | Case No. 2:10-cv-02414-KJM-KJN<br>Consolidated with: 2:12-cv-2457-KJM-KJN<br><br>**STIPULATION FOR VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE AND RETENTION OF JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT; ORDER**<br><br>Judge:         Hon. Kimberly J. Mueller<br>Magistrate:  Hon. Kendall J. Newman<br>Trial Date: October 17, 2023<br>Action Filed: September 8, 2010 |

**STIPULATION**

WHEREAS, on September 10, 2010, Plaintiffs filed the Complaint in the above-entitled action.

WHEREAS, a jury found the County liable for violating Plaintiffs' procedural and substantive due process rights and awarded damages. The County filed motions for judgment after trial and new trial, which District Judge Kimberly J. Mueller denied by order dated March 31, 2018.

WHEREAS, the County appealed the jury's verdict to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit, by memorandum opinion dated August 19, 2020, upheld the jury's finding of liability for violation of due process as to the County. The Court affirmed the jury's finding that the County acted arbitrarily and unreasonably to deprive the Hardestys of their chosen occupation. But the Ninth Circuit reversed liability as to the individual defendants on grounds of immunity and reversed and remanded damages to the District Court as the jury's award of damages was excessive.

WHEREAS, the Court had set this case for a second jury trial on October 11, 2023 limited to determining the amount of damages caused to the Hardestys by the County's actions.

WHEREAS, the Parties hereto have entered into a Settlement Agreement, a true and correct copy of which is attached hereto as **Exhibit A** and fully incorporated herein by this reference, settling and dismissing the claims alleged in this case in return for a payment by the County to the Hardestys of $58.5 million, along with other terms in the Settlement Agreement.

WHEREAS, the Settlement Agreement includes a provision, Section 9, in which each of the Parties agreed to the court retaining jurisdiction over the Parties under section 664.6 of the California Code of Civil Procedure and applicable federal law to enforce the terms and conditions of the Settlement Agreement, should that be necessary.

WHEREAS, Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a plaintiff may voluntarily dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared.

WHEREAS, federal law allows district courts to expressly retain jurisdiction to enforce a settlement agreement, such that breach of the settlement agreement would be a violation of the court's

dismissal order, and support the court's exercise of ancillary jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

WHEREFORE, the Parties hereby stipulate that this action be dismissed with prejudice as to all Defendants and in its entirety, with each Party to bear his own attorneys' fees and costs; provided, however, that the Parties' stipulation of dismissal of this action with prejudice is conditioned upon the Court issuing an order retaining jurisdiction over the Parties to enforce the terms and conditions of the Settlement Agreement.

WHEREFORE, the Parties hereby stipulate to this Court retaining jurisdiction to enforce the terms and conditions of the Settlement Agreement pursuant to California Code of Civil Procedure section 664.6 and applicable federal law, and respectfully request that the Court enter the accompanying proposed order.

Dated: October 30, 2023         COLE HUBER LLP


                                By:   */s/ Derek P. Cole*
                                      Derek P. Cole
                                      Counsel for Defendant
                                      SACRAMENTO COUNTY


Dated: October 30, 2023         YETTER COLEMAN LLP


                                By:   */s/ Justin P. Tschoepe*
                                      Justin P. Tschoepe
                                      Counsel for Hardesty Plaintiffs


Dated: October 30, 2023         **weintraub tobin** chediak coleman grodin
                                LAW CORPORATION


                                By:   */s/ David A. Diepenbrock*
                                      David A. Diepenbrock
                                      Attorneys for Plaintiffs
                                      JOSEPH HARDESTY and
                                      YVETTE HARDESTY

**ORDER**

In accordance with the above stipulation, and for good cause appearing therefore, it is hereby ordered that the above action shall be dismissed with prejudice as to all Defendants and in its entirety, with each Party to bear his own attorneys' fees and costs; provided. However, the Court shall in this exceptional case, in accordance with section 664.6 of the California Code of Civil Procedure and applicable federal law, retain jurisdiction over the Parties to the above-entitled action to enforce the terms and conditions of the Parties' Settlement Agreement, a true and correct copy of which is attached hereto as **Exhibit A**, and to the accompanying Stipulation, and embodied herein by this reference.

**IT IS SO ORDERED.**

DATED: November 2, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

# Exhibit A

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Plaintiffs Joseph L. Hardesty, Yvette Hardesty and Defendant County of Sacramento, parties to the civil rights action pending in the United States District Court for the Eastern District of California, entitled *Joseph Hardesty, et al. v. Sacramento Metropolitan Air Quality Management District*, et al., No. 2:10-cv-02414-KJM-KJN, before the Honorable Kimberly J. Mueller. The Agreement is for the purpose of full and complete resolution of any and all claims, demands, cause or causes of action, obligations, rights or liabilities of any kind, whether known or unknown, express or implied, existing between the parties, arising from or in connection to, the aforementioned civil action. The parties enter into the Agreement for the good and valuable consideration acknowledged and accepted below. This Agreement shall be deemed to have been entered on the date the last party executes this Agreement, as provided within ("Effective Date").

## PARTIES

The parties to this Agreement are Plaintiffs Joseph L. Hardesty, Yvette Hardesty ("Plaintiffs") and Defendant County of Sacramento ("County").

## RECITALS

This Agreement is made with reference to the following facts:

1. Certain claims, disputes and controversies have arisen between the parties to this Agreement.

    1.1 The Schneider Historic Mine, California Mine ID No. 91-34-0042 ("SHM") is a mining operation located at 14026 Meiss Road, in Sloughhouse, California, which has historically operated on approximately 3,691 acres composed of Assessor Parcel Nos. 128-0070-012, 056, and 058 to 061; 128-0090-033, 034, and 039 to 042 and 044; 128-0100-003, 046 to 049, and 052; and 128-0120-040 and 041 ("SHM Property").

    1.2 Members of the Schneider Family have been in the business of conducting mining operations throughout the SHM Property since the 1930's and claimed in this action that Defendants took administrative and enforcement actions to put SHM out of business.

    1.3 Plaintiffs operated a sand and gravel mining business on SHM under the name Hardesty Sand and Gravel pursuant to an oral agreement with the Schneider family to mine the SHM Property. The County took administrative and enforcement actions to deprive Plaintiffs of their constitutional right to practice their chosen profession of mining at SHM.

    1.4 On August 23, 1994, a letter from County Planning recognized that the mine had a vested right under the Surface Mining and Reclamation Act of 1976 ("SMARA").

        The letter also indicated that a Reclamation Plan and financial assurances were required in order to continue operation of the mine.

1.5      On November 6, 2002 the Board of Supervisors ("Board") approved a reclamation plan (2000-0178) for the SHM. According to the staff report for the reclamation plan, the mine pre-exists SMARA regulations, and, as a vested mine under the provisions of SMARA, is exempt from the County's surface mining regulation and no Use Permit is required. The report acknowledged that mining was on-going and would occur on previously mined and yet-to be-mined areas. The reclamation plan approved by the Board, acknowledged both the County's 1994 vested right determination and stated that mining could occur throughout the full extent of the mine property.

1.6      On April 14, 2010 and May 25, 2010, the County Code Enforcement Division sent Violation Notices to the owners of the mine property contending that the operation of the mine had expanded, intensified, or enlarged beyond the scope of the mine's vested right. The mine representatives appealed the Violation Notices.

1.7      On or about September 28, 2010, the County Board of Supervisors denied the appeal and adopted findings that determined operation of the SHM had expanded, intensified, enlarged, and/or been extended beyond the scope of its vested right ("Findings"). The Findings stated Plaintiffs could not continue mining operations on the SHM Property.

1.8      On June 10, 2011 and July 25, 2011, the County issued a Final Order to Comply concerning SHM under SMARA (Public Resources Code sections 2774.1 and 2774.2), determining SHM had substantially deviated from its approved Reclamation Plan and that the amount of the financial assurance mechanisms for SHM were inadequate to ensure reclamation of the SHM Property ("Order to Comply"). The County also ordered Hardesty Sand and Gravel to "reclaim" SHM under the reclamation plan the County had previously approved. Plaintiffs contend that this reclamation order forced them to dismantle the large processing plant Hardesty Sand and Gravel had constructed on SHM, and to sell its parts along with other mining equipment for less than fair market value. Plaintiffs contend that the cost to replace that equipment in 2023 would exceed $38,000,000.

1.9      Plaintiffs initiated a civil rights action seeking redress pursuant to 42 U.S.C § 1983 against the County and County employees as individual defendants on September 8, 2010, asserting claims that the County's actions, including the Findings and Notice of Order to Comply, deprived them of their right to conduct mining operations on the SHM Property, all in violation of their rights to procedural and substantive due process, as guaranteed by the Fourteenth Amendment to the United States Constitution.

1.10    Such disputes and controversies include the claims, demands, and causes of action in a civil rights action pending in the United States District Court for the Eastern District of California, entitled *Joseph Hardesty et. al. v. Sacramento Metropolitan*

*Air Quality Management District et al.,* Case No. 2:10-cv-02414-KJM-KJN ("Legal Action"). For the purposes of this Agreement, disputes and controversies include, but are not limited to, any claims, demands, and cause or causes of action that were previously dismissed against or returned in favor of the County and its agents or employees in the Legal Action.

1.11  After trial in the Legal Action, a jury found the County liable for violating Plaintiffs' procedural and substantive due process rights and awarded damages. The County filed motions for judgment after trial and new trial, which District Judge Kimberly J. Mueller denied by order dated March 31, 2018.

1.12  The County appealed the jury's verdict to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit, by memorandum opinion dated August 19, 2020, upheld the jury's finding of liability for violation of due process as to the County. The Court affirmed the jury's finding that the County acted arbitrarily and unreasonably to deprive the Hardestys of their chosen occupation. But the Ninth Circuit reversed liability as to the individual defendants on grounds of immunity and reversed and remanded damages to the District Court as the jury's award of damages was excessive. As of this writing. a trial regarding such damages is scheduled to commence on October 17, 2023.

1.13  The Ninth Circuit expressly ruled that, as to the Plaintiffs' damages, the lost value of their business was the wrong measure of damages for their substantive due process claim, and that damages were to be based on their inability to practice their chosen profession as individuals. Damages are to be measured under this standard in the remand trial that is scheduled.

1.14  The County appealed the decision of the Ninth Circuit to the United States Supreme Court, which denied its petition for a writ of certiorari on June 28, 2021.

1.15  In the County's appeal, the County did not challenge the jury's determination the County had violated the Hardesty's procedural due process rights.

1.16  Plaintiffs agree that the payment made pursuant to this Agreement fully compensates them for damages resulting from their inability to practice their chosen profession resulting from the County ordering SHM to cease operations. These damages will compensate Plaintiffs for the deprivation of their right to due process, which resulted in the loss of their right to mine, receive payments for sale of aggregate products, and sell aggregate products, including from stockpiles Plaintiffs placed on the SHM Property.

1.17  Pursuant to 42 U.S.C.§ 1988 the court in this case is empowered to award attorneys' fees for the legal services performed on this case which was filed pursuant to 42 U.S.C. §1983. On October 4, 2021 Judge Mueller granted Plaintiffs' request to withdraw the pending fee motion without prejudice to it being refiled with a new fee motion. This settlement includes all fees that might have been awarded directly to Plaintiffs' counsel from the County in addition to damages to Plaintiffs.

1.18 On September 21, 2023, the parties participated in a mediation in which the Honorable Layn R. Phillips (Retired) served as the neutral. Further, on October 2, 2023, the parties participated in a settlement conference before Magistrate Kendall J. Newman.

2. It is the intention of the parties to settle and dispose of, fully and completely, any and all claims, demands, cause or causes of action, obligations, rights or liabilities of any kind, whether known or unknown, express or implied, existing between the parties, arising out of and in connection to the civil action identified in Paragraphs 1 above, as of the Effective Date of this Agreement. In entering into this Agreement, the County affirms the following as to the Plaintiffs:

   2.1 This Agreement represents a continuation of the County's commitment to acknowledge and recognize the appellate decision of the United States Court of Appeals for the Ninth Circuit upholding the verdict finding the County liable on Plaintiffs' claims.

   2.2 This Agreement further represents a continuation of the County's commitment to acknowledge and recognize Chief District Judge Kimberly J. Mueller's order, dated March 31, 2018, denying the County's motions for judgment after trial and new trial and the findings of fact and conclusions of law contained therein to the extent not overturned by the Ninth Circuit.

   2.3 This Agreement further represents a continuation of the County's commitment to acknowledge and recognize the County Board of Supervisor Resolution 2022-0510, dated June 14, 2022, reaffirming the existence of the SHM vested right and the validity of its existing Reclamation Plan, and rescinding all County actions concerning the SHM vested right, Reclamation Plan, and financial assurances that gave rise to the Legal Action. In connection with that resolution, the County also rescinded enforcement actions it took in May 2011 concerning the sale of material from stockpiles located on the SHM Property and rescinded the authority for any SMARA-related liens filed against the SHM Property.

3. This Agreement has been approved by the Board of Supervisors of Sacramento County, and the County signatory below is authorized to execute this Agreement on the County's behalf.

**DISMISSAL**

4. Plaintiffs shall dismiss, with prejudice, this Legal Action referenced in Paragraph 1 above, in exchange for the promises, covenants, conditions, and payments set forth in Paragraph 5, and in exchange for the County's commitments as set forth in Paragraphs 2.1 through 2.3; provided, however, that the parties' stipulation of dismissal of this action with prejudice is conditioned upon the Court issuing an order retaining jurisdiction over the parties to enforce the terms and conditions of the Agreement. The dismissal shall be filed within five (5) working days of the Plaintiffs' receipt of confirmation that the check providing full payment called for in Paragraph 5.1 has cleared.

## PAYMENTS

5. In exchange for the promises and warranties of Plaintiffs, the County shall issue or cause to be issued payment totaling the gross amount of $58,500,000. That sum is inclusive of attorneys' fees and costs. That amount will be distributed as follows:

    5.1 The gross amount of $58,500,000 will be paid by check to Plaintiffs' attorney of record, Paul Yetter, Yetter Coleman LLP, 811 Main Street, Suite 4100, Houston, Texas 77002, for deposit into his attorney-trust account for distribution to the Plaintiffs and co-counsel.

    5.2 The parties understand and agree that the amount identified in Paragraph 5.1 is subject to all applicable taxes, withholdings, and deductions required by law. The County and their respective insurance carriers, representatives, employees, agents and attorneys have made no representation about and take no position on the tax consequences of this Agreement and/or the settlement proceeds paid pursuant to this Agreement. A dispute regarding the tax status of this Agreement shall not affect the validity of this Agreement.  Plaintiffs have had an opportunity to discuss the potential tax consequences of this Agreement with their own counsel or tax professionals.  Plaintiffs agree to indemnify and hold harmless the County from any and all costs and assessments including, but not limited to, delinquent taxes, penalties, and assessments levied against the County in connection with this Agreement.  Nothing in this Agreement shall, however, make the Plaintiffs responsible for or require the Plaintiffs to indemnify the County for any failure by the County to issue a proper notice of, through an Internal Revenue Service Form 1099 or otherwise, the County's payment under this Agreement.

    5.3 The check referenced in this paragraph will be made available for pickup by Plaintiffs' counsel no later than October 13, 2023.

    5.4 The parties agree that the foregoing payment shall compensate the Plaintiffs for all the damages they have alleged in the Legal Action, including as to the claims for which the jury awarded damages and that were not the subjects of the County's appeal (as described in Sections 1).

## GENERAL RELEASE

6. In consideration of the releases contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each party, the parties promise, agree, and generally release as follows:

    6.1 Except as to such rights or claims as may be created by this Agreement, each party hereby releases, remises, and forever discharges each other from any and all claims, demands, cause or causes of action, obligations, rights or liabilities of any kind, whether known or unknown, express or implied, existing between the parties, arising from or in connection to the Legal Action identified in Paragraph 1 above.

       This Agreement shall be effective as a full and final accord and satisfaction, and as a bar to all actions, causes of action, and obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, and demands of whatsoever nature, character, or kind, known or unknown, suspected or unsuspected, which could have been brought, arising out of and in connection to the Legal Action identified in Paragraph 1 above.

6.2    Each party to this Agreement specifically waives the benefit of the provisions of Section 1542 of the Civil Code of the State of California, which states:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

6.3    The parties intend that the waiver identified in Paragraph 6.2 above extend to all known and unknown, express and implied causes of action and claims of any kind, whether at law or in equity. The parties acknowledge that this release has been negotiated and agreed upon in anticipation of such a comprehensive release, and the parties intend and hereby do release, acquit, and forever discharge each other from any and all demands, cause or causes of action in connection with or arising out of the Legal Action referenced in Paragraph 1 above, whether known, unknown, unsuspected, or unforeseen, except as expressly reserved in conjunction with the performance of this Agreement.

## REPRESENTATIONS AND WARRANTIES

7.    Each of the parties to this Agreement represents and warrants to, and agrees with, each other party, as follows:

7.1    Each party has received independent legal advice from their attorneys with respect to the advisability of making the settlement provided for in this Agreement, with respect to the advisability of executing this Agreement, and with respect to the meaning and waiver of California Civil Code Section 1542.

7.2    No party (nor any officer, agent, employee, representative, or attorney of or for any party) has made any statement or representation or failed to make any statement or representation to any other party regarding any fact relied upon in entering into this Agreement, and each party does not rely upon any statement, representation, omission or promise of any other party (or of any officer, agent, employee, representative, or attorney of or for any party), in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

7.3     Each party to this Agreement has made such investigation of the facts pertaining to this settlement and this Agreement, and all the matters pertaining thereto, as they deem necessary.

7.4     Each party has carefully read this Agreement, and the contents and effect of the Agreement are known and understood by the parties. The parties acknowledge that they have executed this Agreement freely and voluntarily after independent investigation, opportunity to receive independent legal advice from their attorneys, and without fraud, duress, or undue influence.

7.5     In entering into this Agreement, each party assumes the risk of any unknown facts or law. If any party should subsequently discover that any fact relied upon by it in entering into this Agreement was untrue or that their understanding of the facts or of the law was incorrect, such party shall not be entitled to any relief in connection therewith including, without limitation on the generality of the foregoing, any alleged right or claim to set aside or rescind this Agreement. This Agreement is intended to be and is final and binding between the parties hereto, regardless of any claims of mistake of fact or law or of any other circumstance whatsoever.

7.6     Each party has not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, and cause or causes of action disposed of by this Agreement.

7.7     Each term of this Agreement is contractual and not merely a recital.

7.8     Should it be determined by a court that any term of this Agreement is unenforceable, that term shall be deemed to be deleted.  However, the validity and enforceability of the remaining terms shall not be affected by the deletion of the unenforceable terms.

7.9     Each party is aware that they may hereafter discover claims or facts in addition to or different from those they now know or believe to be true with respect to the matters related herein. Nevertheless, it is the intention of the parties to fully, finally and forever settle and release all such matters, and all claims relative thereto, which do now exist, may exist, or heretofore have existed between them. In furtherance of such intention, the releases given herein shall be and remain in effect as full and complete mutual releases of all such matters, notwithstanding the discovery of existence of any additional or different claims of facts relative thereto.

7.10     The parties will execute all such further and additional documents as shall be reasonable, convenient, necessary or desirable to carry out the provisions of this Agreement including a dismissal with prejudice by Plaintiffs of the Legal Action identified in paragraph 1. The parties further agree to do all things necessary and to execute all further documents necessary and appropriate to carry out and effectuate the terms and purposes of this Agreement.

7.11    The parties agree to accept the respective signatures of Plaintiffs Joseph L. Hardesty, Yvette Hardesty, and representatives of the County, and their respective attorneys of record, as binding.

## MODIFICATIONS

8.   No amendments or modifications to this Agreement shall be of any force or effect unless contained in a writing signed by each party to the Agreement. No waiver of any of the provisions hereof shall constitute a waiver of any other provision, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making such waiver.

## JURISDICTION

9.   Pursuant to Code of Civil Procedure section 664.6 and applicable federal law, the parties agree that they will jointly request that the Court retain jurisdiction to enforce the terms and conditions of this Agreement. Within fifteen (15) days after the County signs, the parties will file with the Court a stipulation and proposed order to this effect, and will attach thereto a fully executed copy of this Agreement.  Should any action be instituted to enforce any provision of this Agreement, the prevailing party shall be entitled to recover its costs and reasonable attorneys' fees, in addition to all of the relief to which that party may be entitled by law.

## MISCELLANEOUS

10.   This Agreement shall be deemed to have been executed and delivered within the State of California and the rights and obligations of the parties hereto shall be construed and enforced in accordance with, and governed by, the laws of the State of California.

11.   This Agreement is fully incorporated and is the entire Agreement between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Agreement may be amended only by an agreement in writing, signed by the parties, as set forth in Paragraph 8 above.

12.   This Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective agents, employees, representatives, officers, directors, divisions, subsidiaries, affiliates, assigns, heirs, and successors in interest.

13.   Each party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party.

14.   This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties.

15. The effective date of this Agreement ("Effective Date") is the date it is signed by the last party.

**SO AGREED.**

PLAINTIFFS:

10-5-23
Dated

*/s/ Joseph L. Hardesty*
Joseph L. Hardesty

10-5-23
Dated

*/s/ Yvette Hardesty*
Yvette Hardesty

COUNTY OF SACRAMENTO:

_____
Dated

_____
Lisa A. Travis, County Counsel

15. The effective date of this Agreement ("Effective Date") is the date it is signed by the last party.

**SO AGREED.**

PLAINTIFFS:

_____   _____
Dated                                   Joseph L. Hardesty

_____   _____
Dated                                   Yvette Hardesty

COUNTY OF SACRAMENTO:

      10/5/23                           *[signature]*
_____   _____
Dated                                   Lisa A. Travis, County Counsel

*Approved as to form:*

10/5/23
_____
Dated

_____
*(signature)*
Lisa A. Travis, County Counsel

_____
Dated

_____
R. Paul Yetter, attorney for HARDESTY PLAINTIFFS

_____
Dated

_____
David A. Diepenbrock, attorney for HARDESTY PLAINTIFFS

10/5/23
_____
Dated

_____
Derek P. Cole, attorney for COUNTY OF SACRAMENTO

10/5/23
_____
Dated

_____
Richard S. Linkert, attorney for COUNTY OF SACRAMENTO

*Approved as to form:*

_____     _____
Dated                                                           Lisa A. Travis, County Counsel

 10/6/2023                                                     *[signature: Paul Yetter]*
_____     _____
Dated                                                           R. Paul Yetter, attorney for HARDESTY
                                                                        PLAINTIFFS

 10/6/23                                                         *[signature]*
_____     _____
Dated                                                           David A. Diepenbrock, attorney for
                                                                        HARDESTY PLAINTIFFS


_____     _____
Dated                                                           Derek P. Cole, attorney for COUNTY OF
                                                                        SACRAMENTO


_____     _____
Dated                                                           Richard S. Linkert, attorney for COUNTY
                                                                        OF SACRAMENTO